FRANK D. UPCHURCH, Jr., Judge.
Appellant-wife appeals a final judgment of dissolution which required her to pay all the mortgage payments, taxes and insurance on the marital residence while she occupies it. Appellee-husband cross-appeals the provision of the judgment which permitted the wife to maintain exclusive possession for five years even if she remarried. The husband also challenges the provision that he be required to maintain a policy of mortgage insurance on the house.
We affirm the trial court except in regard to the provision of the judgment giving the wife the right to exclusive possession after remarriage. See Caldwell v. Caldwell, 400 So.2d 1270 (Fla. 5th DCA 1981). We also construe the provision requiring the husband to maintain a policy of mortgage insurance as an aspect of child support rather than of alimony.
The judgment ordered the husband to continue making the payments on a mortgage insurance policy on the jointly *325 owned residence which was to be occupied by the wife and children during the children’s minority. This court has held that the requirement that a husband carry a life insurance policy for the benefit of his wife is improper as being tantamount to postmortem alimony. Eagan v. Eagan, 392 So.2d 988 (Fla. 5th DCA 1981). However, this court also noted that a husband can be required to maintain life insurance for the benefit of his minor children as security for his obligation to support the children not in his custody. Id. See also Bosem v. Bosem, 279 So.2d 863 (Fla.1973).
Notwithstanding the fact that the requirement was labeled an additional award of alimony, we agree with the wife’s contention that it is actually security for child support. The husband’s obligation to maintain the mortgage insurance is discharged upon termination of the wife’s exclusive use and possession of the marital home. While exclusive possession would terminate upon her remarriage, it also terminates when the children attain their majority; thus, the obligation only exists while the children are residing in the marital home. If there were no mortgage insurance and the husband were to die before the wife achieved financial independence, the wife might not be able to retain the home. That result would conflict with the trial court’s desire to adequately provide for the children. We therefore strike the words “as an additional award of alimony” from the judgment as surplusage.
AFFIRMED as modified and REVERSED in part.
ORFINGER and SHARP, JJ., concur.