424 So.2d 932 (1983)
John F. MESSAL, Appellant,
v.
Sharon E. MESSAL, Appellee.
No. AL-376.
District Court of Appeal of Florida, First District.
January 4, 1983.
*933 C. Valentine Bates of Bates & Costello, Gainesville, for appellant.
Zelda J. Hawk of Sieg, Comfort, Hawk, LaCroix & Reid, Gainesville, for appellee.
PER CURIAM.
On this appeal from a final judgment in a dissolution of marriage case, we find error in the award of the exclusive use and occupancy of the marital home to the wife, for the benefit of the minor children, without provision for termination in event of the wife's remarriage. Lambert v. Lambert, 403 So.2d 484 (Fla. 1st DCA 1981).
We agree with appellant also that an abuse of discretion has been shown in the financial obligations imposed upon the husband by the final judgment, under which he will be left with less than $23.00 per week upon which to support himself. It appears that the trial court relied upon the husband's 1981 earnings, despite the husband's uncontroverted testimony that his higher income for that period (which included certain bonuses which had been discontinued) was no longer reflective of his current earnings.
We note also some confusion with respect to the evidence supporting the award of $658.92 per month for child support. In her financial affidavit, the wife listed the children's expenses at $1,025.00 per month. This figure included $315.78, representing two-thirds of the mortgage payment on the house, not including taxes and interest. The total house payment, including taxes and interest, amounted to $572.00 per month. The transcript indicates that the trial court was under the impression that the figure given as representing the children's living expenses did not include an amount attributable to the house payments, and the judgment includes a separate provision requiring the husband to pay one-half of the mortgage payments, taxes and insurance on the home mortgage. Both parties, being gainfully employed, were properly considered as being required to share child support expenses. However, the misinterpretation of the evidence regarding the children's expenses resulted in a miscalculation of the husband's proportionate child support obligation. This issue appears to have been raised during the proceedings sufficiently to afford appellate review. We note, however, that although appellant filed a motion for rehearing, the motion fails to mention this error or miscalculation, so that the trial judge has not been given an opportunity *934 to make such correction in the child support payment as might be indicated.
We find no error in the consideration of expenses for electricity, gas, and telephone as a portion of the children's living expenses. While it can be said that the telephone is not a necessity for the two year old and eleven year old children for their own use, it is obvious that the telephone is a convenience which the wife will use in their behalf.
The judgment is REVERSED and the cause is remanded for redetermination of the husband's financial obligations based upon the evidence of his current earnings, and with due consideration to the evidence with respect to the children's living expenses, and for revision of the final judgment so as to provide for termination of the wife's exclusive use and occupancy of the marital home upon her remarriage.
ERVIN, LARRY G. SMITH and SHIVERS, JJ., concur.