556 So.2d 1213 (1990)
Bruce H. SAVAGE, Sr., Appellant,
v.
Sheila G. SAVAGE, Appellee.
No. 89-00836.
District Court of Appeal of Florida, Second District.
February 16, 1990.
*1214 Terrence S. Buchert of Riden & Earle, P.A., St. Petersburg, for appellant.
Thomas A. Smith and Robert R. Carbonell, Tampa, for appellee.
RYDER, Acting Chief Judge.
The husband in this dissolution action challenges the distribution of property and alimony and child support awards in the final judgment dissolving the marriage of the parties. We reverse the award of the husband's interest in the marital home to the wife and remand this case for further proceedings.
The husband asked for partition of the marital home. The parties estimated the value of the home at between $220,000.00 and $235,000.00. This was the only asset of significant value owned by the parties. The trial court denied the plea for partition, and awarded the husband's interest in the marital home to the wife as lump sum alimony in order to achieve equitable distribution. She was also awarded primary residential custody of the two minor children, and the husband was ordered to pay $1,000.00 per month per child to the wife as child support. Additionally, the husband was required to pay to the wife $600.00 per month as permanent periodic alimony. The trial court's distribution of marital assets resulted in the wife receiving 82% and the husband receiving 18% of the assets accumulated during the marriage.
We recognize that a trial court need not equalize the financial positions of the parties in distributing marital assets. Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980). However, under the facts of this case the husband has been shortchanged. Thus, the trial court abused its discretion in failing to order partition of the marital home. Because the marital home is the only asset of significant value, and because the facts show no necessity nor legal justification, the lump sum award cannot be sustained. See Marcoux v. Marcoux, 464 So.2d 542 (Fla. 1985); Wynn v. Wynn, 478 So.2d 380 (Fla. 5th DCA 1985); Hiler v. Hiler, 442 So.2d 373 (Fla. 2d DCA 1983).
The wife urges that the husband's plea for partition was legally deficient because it failed to contain a legal description of the property. The wife did not challenge the sufficiency of the husband's plea for partition at any stage of the proceedings other than by general denial of the merits. She has not argued on appeal that she did not have notice that partition of the marital home was sought. At the final hearing, the attorneys for the parties stipulated to the legal description of the property. We hold that the husband's plea for partition substantially complied with section 64.041, Florida Statutes (1987), and due process was achieved. Therefore, partition should have been granted. See Pantuso v. Pantuso, 335 So.2d 361 (Fla. 2d DCA 1976); Rankin v. Rankin, 258 So.2d 489 (Fla. 2d DCA 1972).
We remand this case to the trial court for entry of an amended final judgment ordering partition of the marital home. Because one child of the parties is still a minor and resides in the home, we deem it appropriate for partition to be stayed and for the wife to have exclusive possession of the home until such time as the child reaches the age of majority or the wife remarries. Further, in light of our holding, the trial court may very well deem it appropriate to conduct further proceedings to reconsider other facets of awards and provisions of the final judgment, including adjustment in the amount of permanent periodic alimony awarded to the wife.
We find the remaining points raised by the husband to be without merit.
Affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.
DANAHY and ALTENBERND, JJ., concur.