568 So.2d 494 (1990)
Betty F. KIRKLAND, Appellant,
v.
Joe Ray KIRKLAND, Appellee.
No. 90-856.
District Court of Appeal of Florida, First District.
October 11, 1990.
*495 William J. Haley and Nancy Staff Slayden of Brannon, Brown, Haley, Robinson & Cole, P.A., Lake City, for appellant.
Raymond E. Makowski, Jacksonville, for appellee.
ERVIN, Judge.
Appellant, Betty F. Kirkland, appeals the trial court's judgment dissolving the marriage between her and her former husband, appellee Joe Ray Kirkland. She contends that the court erred in dividing the parties' property in general, and the husband's pension plan in particular; in awarding certain real property to the husband as a special equity; in granting the husband exclusive use and possession of the marital home beyond the minor child's age of majority, without providing for termination of such use upon the husband's remarriage; in failing to award the wife permanent periodic and rehabilative alimony; and in refusing to require the husband to pay the wife's attorney's fees. We reverse the trial court's distribution of the husband's pension plan, its award of exclusive use of the marital home, and its denial of permanent, periodic alimony to the wife, and affirm the other points raised.
At the time of the final hearing, the husband and wife were each forty-five years old and had been married for twenty-two years. We find no abuse of discretion in the manner in which the court distributed the majority of the parties' assets and liabilities. We conclude, however, that there is no competent, substantial evidence in the record to support the court's distribution of the husband's pension plan. The husband was employed by the Columbia County School Board and had been in the State Retirement System twenty-three years. He will be entitled to receive full retirement benefits once he has been in the system thirty years, or when he reaches age sixty-two. Although the trial court awarded the wife $420.99 as her equitable share of the present value of the husband's pension plan, it does not appear that the evidence presented at the hearing was sufficient to enable the court to determine the present value of the plan. See Trant v. Trant, 545 So.2d 428 (Fla. 2d DCA), review denied, 551 So.2d 464 (Fla. 1989). We therefore reverse and remand for the trial judge to make further findings of fact and to equitably distribute the husband's pension.
Next, the trial court awarded husband exclusive use of the marital home until the minor child "shall have completed four consecutive years of post-secondary education as a full-time student but not longer than the date upon which the minor child attains his twenty-second birthday." This constituted an abuse of discretion. In Duncan v. Duncan, 379 So.2d 949 (Fla. 1980), the court rejected a rigid rule that exclusive possession of the home must terminate when a minor child reaches majority. It cautioned, however, that such award "must be determined by the equity of the cause" and constitute "a facet of support." Id. at 952. "A grant of exclusive possession of property to one of the parties in a final judgment must serve a special purpose." Id.
In the case at bar, the wife's child-support obligation terminates when the son reaches age eighteen. There was no showing of special circumstances that warranted *496 extending use of the marital home beyond the son's attainment of the age of eighteen while he attends college. See Gonzalez v. Gonzalez, 563 So.2d 813, 813 (Fla. 3d DCA 1990) (abuse of discretion to award wife exclusive possession of the home "`so long as the minor child resides in the home while attending high school, college or post-graduate education but in no event beyond August 1, 1996'"); Hirst v. Hirst, 452 So.2d 1083, 1085 (Fla. 4th DCA 1984) (abuse of discretion to award wife exclusive possession of the home for three years after child reached majority); Thomas v. Thomas, 427 So.2d 259, 259 (Fla. 5th DCA 1983) (abuse of discretion to award wife exclusive possession of the home "`so long as the youngest child continues to be a fulltime college student making satisfactory progress towards his undergraduate degree'").
The trial court also erred in awarding the husband exclusive use of the home for the benefit of the minor child without providing for termination in the event of husband's remarriage. We explicitly required such a provision in Messal v. Messal, 424 So.2d 932 (Fla. 1st DCA 1983). "This result is not affected by the fact that the custodial spouse was required to make the mortgage, tax and insurance payments on the ex-marital home as an incident of such exclusive possession." Anderson v. Anderson, 424 So.2d 943, 944 (Fla. 5th DCA 1983) (footnote omitted) (citing Cannon v. Morris, 407 So.2d 372 (Fla. 1st DCA 1981)). On remand, the trial court is directed to award the husband exclusive use and possession of the marital home until the minor child turns eighteen, with the further provision that this award may be terminated if husband remarries.
Finally, although we find no error in the trial court's denial of rehabilitative alimony to the former wife, we cannot make a similar conclusion regarding the court's failure to grant her permanent, periodic alimony. We consider that the former wife is entitled to an award of permanent, periodic alimony, in addition to the $4,000 lump-sum alimony awarded her. Under Canakaris v. Canakaris, 382 So.2d 1197 (Fla. 1980), a court must evaluate the need of one spouse and the ability of the other to pay in determining whether to grant the petitioning spouse an award of permanent, periodic alimony. In the present case, wife was a homemaker during most of the marriage, although she was briefly employed as a secretary. She obtained some schooling to improve her secretarial skills. Early in the marriage, the husband obtained a master's degree in education. At the time of the final hearing, the wife was employed at a convenience store earning $497.12 per month. By the time of the attorney's fee hearing, she was a correctional officer earning $5.89 per hour, or $779.37 net income per month. Husband's net salary as director of vocational education in Columbia County was $2,743.00 per month. Based on a comparison of the parties' incomes and the court's distribution of assets, the trial court erred in failing to award the wife permanent alimony.
Although the trial court was no doubt correct, based upon the evidence before it, in concluding that the "[w]ife has sufficient skills, education and training which would enable her to earn wages sufficient to support herself," this is not the proper criterion for determining a spouse's entitlement to an award of permanent, periodic alimony. As the supreme court observed in Canakaris, "Permanent periodic alimony is used to provide the needs and the necessities of life to a former spouse as they have been established by the marriage of the parties." Canakaris, 382 So.2d at 1201. At forty-five years of age, with secretarial skills, it is highly doubtful that the former wife will be able to attain the style of life to which she had become accustomed while living with her former husband. If the trial court's award to the wife remains unchanged, her standard of living will be significantly reduced from that which she enjoyed during the marriage, while the husband's will remain virtually the same and perhaps even improve once he has satisfied the parties' short-term debts. See Harrison v. Harrison, 540 So.2d 230, 231 (Fla. 1st DCA 1989) (trial court "must ensure that neither spouse passes from misfortune *497 to prosperity or from prosperity to misfortune.") Because the former husband has not shown that he lacks the resources to pay a periodic alimony award, the trial court on remand shall determine a proper award of permanent alimony to the wife, pursuant to Section 61.08, Florida Statutes (1989).
As to the issue of attorney's fees, there was insufficient evidence presented below to permit this court to determine whether, in light of the wife's cash award, the wife was unable to pay her attorney's fees. We therefore affirm as to this issue.
The remaining issue dealing with the award of certain real property to the husband is affirmed without discussion.
AFFIRMED in part, REVERSED in part, and REMANDED.
NIMMONS and ALLEN, JJ., concur.