619 So.2d 327 (1993)
Peter Daniel MORGENSTERN, Appellant,
v.
Emily Susan MORGENSTERN, Appellee.
No. 91-3075.
District Court of Appeal of Florida, Third District.
May 4, 1993.
Rehearing Denied June 22, 1993.
Krongold, Bass & Todd, Coral Gables, Deborah Marks, North Miami, for appellant.
Andrew Leinoff, Elser, Greene & Hodor and Cynthia L. Greene, Miami, for appellee.
Before BARKDULL, FERGUSON and LEVY, JJ.
PER CURIAM.
We modify two provisions of the order rendered by the trial court in this action for dissolution of marriage. First, the provision requiring the parties to reimburse the wife's father $50,000 from the proceeds of the sale of the marital home is stricken because the father is not a party to this action.[1]Shelow v. Shelow, 550 So.2d 43 (Fla. 3d DCA 1989); Boffey v. Boffey, 430 So.2d 514 (Fla. 4th DCA 1983); McCready v. McCready, 356 So.2d 337 (Fla. 4th DCA), cert. denied, 364 So.2d 887 (Fla. 1978). Second, to the provision granting the wife and minor children the right of *328 exclusive use and occupancy of the marital home until the youngest child reaches majority, we add the words, "or until the wife remarries, whichever occurs first." Kirkland v. Kirkland, 568 So.2d 494 (Fla. 1st DCA 1990); Smith v. Moughan, 442 So.2d 338 (Fla. 5th DCA 1983); Abella-Fernandez v. Abella, 393 So.2d 40 (Fla. 3d DCA 1981).
In all other respects, the order is affirmed.
NOTES
[1] The wife's special equity in the house therefore stands at $179,000.