PER CURIAM.
We review an appeal from the final judgment entered on the parties’ marital dissolution. Appellant raises issues regarding the awards of permanent periodic alimony and rehabilitative alimony, the award of permanent periodic alimony beyond the wife’s remarriage, and the award of exclusive use of the marital home beyond the wife’s remarriage. We reverse and remand as to the latter two issues, but affirm on all other issues. The trial court abused its discretion by awarding permanent periodic alimony that extends beyond remarriage of the wife. White v. White, 429 So.2d 730, 732 (Fla. 1st DCA 1983), rev. denied, 438 So.2d 834 (Fla. 1983) (“In the absence of an agreement or stipulation, alimony normally terminates on the remarriage of the receiving spouse.”). Second, the trial court’s award of exclusive use of the marital home for five years is erroneous because it does not provide that such exclusive use will terminate if the wife re-marries during this period. Jones v. Jones, 330 So.2d 536, 538 (Fla. 1st DCA 1976). In addition, we note that the trial court’s award of five years’ exclusive use extends several years beyond the child’s age of majority. At the hearing below, the husband requested the wife’s exclusive use terminate upon the child’s reaching majority. The length of the court’s exclusive possession award is erroneous because there is no showing of special circumstances to support it. Kirkland v. Kirkland, 568 So .2d 494 (Fla. 1st DCA 1990) (abuse of discretion where exclusive possession extended through child’s college years without a showing of special circumstances.).
BOOTH, JOANOS and MINER, JJ., concur.