701 So.2d 381 (1997)
Steven E. STEIN, Appellant,
v.
Karen L. STEIN, Appellee.
No. 96-3987.
District Court of Appeal of Florida, Fourth District.
November 5, 1997.
Richard J. Preira and Mindy L. Cherry of the Law Offices of Richard J. Preira, Miami Beach, for appellant.
Karen Stein, Coral Springs, pro se.
STEVENSON, Judge.
We have for review a final judgment of dissolution. The former husband takes issue with both the imputation of income to him for purposes of calculating his child support obligation and the trial court's determination that the former husband is to be solely responsible for both federal and state capital gains taxes plus interest and penalties, which resulted from the sale of the former marital residence. We find no error in the trial court's assessment of the capital gains tax liabilities and write only to address the imputation of income.
Florida Statutes section 61.30(2)(b) permits the trial court to impute income to an underemployed parent
when such employment or underemployment is found to be voluntary on that parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based on his or her recent work history, occupational qualifications, and prevailing earnings level in the community....
However, income may not be imputed at a level which the former spouse has never earned, absent special circumstances. See Stodtko v. Stodtko, 636 So.2d 814 (Fla. 3d DCA 1994).
The evidence presented below indicates that the former husband's earnings in recent years have been minimal to non-existent. In mid-1993, the former husband attempted suicide, and since then, he has been undergoing psychological treatment. In the years following the suicide attempt, the former husband has either worked part time, not at all, or only on a volunteer basis. Additionally, the financial affidavits filed by the former husband indicate that he is presently earning no income. Despite this, the trial *382 court imputed an annual income of $40,000 to the former husband. No source for the income was cited, and the amount was justified only by a statement to the effect that "through conscientious utilization of his accounting skills, training and experience" the former husband would be able to earn such amount.
The evidence before the trial court was that the greatest salary ever earned by the former husband was $35,000 annually, an amount that he earned in 1990 when the couple was still residing in New York. Moreover, the imputation of such amount is contrary not only to the testimony of the former husband's expert to the effect that the former husband is capable of earning only an estimated $400.00 per week or $20,800 per year, but also to the testimony of the former wife's expert that, although he does not believe the husband to suffer from chronic depression, reintroduction to the work place will have to be on a gradual basis.
Because this record fails to demonstrate any special circumstance which supports an imputation of $40,000 annual income to the former husband, an amount which he has never earned and which the record indicates he cannot presently earn, we reverse only as to this finding and its effect on the former husband's child support obligation.
REVERSED IN PART and REMANDED.
FARMER, J., and JOHN A. FRUSCIANTE, Associate Judge, concur.