789 So.2d 1141 (2001)
Mauricio A. ARZE, Appellant,
v.
Soheila SADOUGH-ARZE, Appellee.
No. 4D00-2816.
District Court of Appeal of Florida, Fourth District.
June 27, 2001.
*1142 Steven N. Abramowitz, Miami, for appellant.
Norman Malinski of Norman Malinski, P.A., Aventura, for appellee.
HAZOURI, J.
Mauricio Arze appeals from a final judgment of dissolution of marriage awarding his former wife, Soheila Sadough-Arze, child support and exclusive use and possession of the marital home. We affirm in part and reverse in part.
Mauricio Arze (Husband) and Soheila Sadough-Arze (Wife) were married for seven years. There is one minor child born of the marriage. The Wife filed a petition for dissolution of marriage on November 4, 1999. The Wife requested primary residential custody, child support and the marital home. In his answer, the Husband agreed that the Wife should be the primary residential parent but sought substantial visitation time.
Trial was held on May 8, 2000. The parties agreed to shared parental responsibility and that the Wife would be the custodial parent. The remaining issues before the trial court included the amount of child support, a visitation schedule and the use and possession of the marital home.
With regards to visitation, the trial court determined that the Husband would pick the child up from school on Tuesdays and Thursdays and transport the child to school on Wednesday and Friday mornings. The Husband would also have timesharing with the child every other weekend from Friday to Sunday evening, during the summer and on holidays.
The trial court determined that the Wife's net monthly income is $4,929 per month and the Husband's net monthly income is $5,059 per month. The Husband has 51% of the total net income and the Wife has 49% of the total net income of the parties. The trial court determined that the basic guideline child support obligation was $1,437, the Husband's share of which is $732.87 per month. The trial court found that the Husband had an additional child support obligation of $83.83 per month for his share of the after school care and summer camp expenses and an additional $63.53 per month for health insurance, bringing the Husband's total child support obligation to $880.23 per month.
The trial court also awarded the Wife exclusive use and possession of the marital home until the wife chooses to sell the marital home or the child reaches the age of majority. The Husband argued that the Wife's exclusive use and possession of the martial home should terminate if she remarries. The trial court disagreed.
The Husband raises three arguments on appeal. First, the Husband contends there was no substantial, competent evidence to support the trial court's findings with regards to the parties' monthly income. We disagree and affirm the final judgment in this regard.
*1143 Second, the Husband argues the trial court erred when it awarded the Wife full guideline child support simply because she was designated the primary residential parent. The Husband contends that pursuant to section 61.30, Florida Statutes (1999), and the decision in Jones v. Johnson, 747 So.2d 1066 (Fla. 5th DCA 2000), the trial court should have taken into consideration the fact that the child is spending a substantial amount of time at each parent's residence when calculating the child support award. We agree.
Where a child is spending a "substantial amount of time" with both parents, section 61.30(1) requires a deviation from the guidelines support amount. Jones v. Johnson, 747 So.2d 1066, 1067 (Fla. 5th DCA 2000). Section 61.30(1)(a), Florida Statutes (1999), provides in pertinent part:
[T]he trier of fact shall order payment of child support which varies from the guideline amount as provided in paragraph (11)(b) whenever any of the children are required by court order or mediation agreement to spend a substantial amount of time with the primary and secondary residential parents. This requirement applies to any living arrangement, whether temporary or permanent.
(Emphasis added). Section 61.30(11)(b), Florida Statutes (1999), provides:
Whenever a particular shared parental arrangement provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of child support, based upon:
1. The amount of time each child will spend with each parent under the shared parental arrangement.
2. The needs of each child.
3. The direct and indirect financial expenses for each child. For purposes of this subparagraph, "direct financial expenses" means any expenses which are incurred directly on behalf of a child or in which a child directly participates, including, but not limited to, expenses relating to what a child eats or wears or schooling and extracurricular activities, and "indirect financial expenses" means any household expenses from which a child indirectly benefits, including, but not limited to, expenses relating to a mortgage, rent, utilities, automobile, and automobile insurance.
4. The comparative income of each parent, considering all relevant factors, as provided in s. 61.30(2)(a).
5. The station in life of each parent and each child.
6. The standard of living experienced by the entire family during the marriage.
7. The financial status and ability of each parent.
(Emphasis added).
In Jones, the trial court awarded Johnson primary residential custody of the parties' daughter, established such generous visitation for Jones that the arrangement, in essence, constituted rotating custody (Jones had the child Monday from 8 a.m. to Tuesday at 5:30 p.m. and Thursday from 8 a.m. to Saturday at 9 a.m.), and required Jones to pay Johnson child support. Id. at 1067.
The Fifth District stated that section 61.30(1) recognizes that in rotating custody situations, both parents have the direct and indirect expenses associated with feeding, clothing, transporting, and housing the child. Id. The court reasoned, "Any method of apportioning a support award should account for proration of time spent with the child, as well as the parties' incomes." Id. at 1068. The Fifth District recommended a formula for calculating a parent's child support obligation:
1) calculate the total child support award, and each parent's share under *1144 the guidelines as it is presently done; 2) determine the amount of time each parent has the child and reduce it to a percentage, e.g. each parent has the child 50% of the time; 3) proportion the total child support award to each parent, based on the percentage of time each parent has the child with him or her; and 4) offset each parent's dollar responsibility under the guidelines.
Id. at 1068. The court reasoned that it was error for the trial court to require Jones to pay Johnson child support, in view of the fact that she earns far less per month than he does, and has custody of the child an equal amount of the time. The court determined that after factoring time into the equation, it would have been more appropriate to require Johnson to pay Jones some child support. Id. (citing Clarke v. Clarke, 619 So.2d 1046 (Fla. 5th DCA 1993); Devereaux v. Devereaux, 710 So.2d 1043 (Fla. 2d DCA 1998); Brock v. Brock, 695 So.2d 744 (Fla. 1st DCA 1997); Gingola v. Velasco, 668 So.2d 1054 (Fla. 2d DCA 1996), Winters v. Katseralis, 623 So.2d 613 (Fla. 2d DCA 1993)).
In this case, the Husband picks the child up from school on Tuesdays and Thursdays and transports him to school on Wednesday and Friday mornings. Thus, on an average week, the Wife has the child three evenings (Sunday to Monday, Monday to Tuesday and Wednesday to Thursday), while the Husband has the child two evenings (Tuesday to Wednesday and Thursday to Friday). The parties timeshare every other weekend from Friday after school to Sunday at 6 p.m., have two uninterrupted weeks with the child during each summer and alternate holidays.
The Wife's attempt to distinguish Jones by emphasizing that she is the primary residential parent is not persuasive. In Jones, Johnson was the primary residential parent. Nevertheless, the Fifth District determined that pursuant to section 61.30, it would have been more appropriate to award Jones child support.
As in Jones, the visitation arrangement in this case is such that the child is spending a "substantial amount of time" with both parents. Therefore, the trial court should have proportioned the total child support award to each parent, based on the percentage of time each parent has the child with him or her.
During the average week, the Wife has the child one more day than the Husband and there are four weeks in a month. Therefore, the Wife has the child an average of 4 more days a month than the Husband. Averaging that there are 30 days in a month, the Wife has the child an average of 17 days per month and the Husband an average of 13 days per month (× = # of days Husband has the child, × + 4 = # of days Wife has the child, × + (× + 4) = 30 days, therefore × = 13 days). Reducing the number of days to a percentage, the Wife has the child 56% of the time and the Husband has the child 44% of the time.[1]
Although, the trial court properly considered the other factors set forth in section 61.30(11)(b), when determining the total child support award, it failed to adjust the basic child support award based on the amount of time the child will spend with each parent. The trial court abused its discretion when it failed to make this necessary adjustment, as provided in section 61.30, Florida Statutes (1999), and as explained in Jones.
We direct the court on remand to apply the amended version of section 61.30, Florida Statutes (2001), which takes effect on July 1, 2001. Ch. 2001-158, *1145 §§ 15, 16, Laws of Fla. Although the petition for dissolution was filed before the amendment took effect, we consider the amendment to be remedial legislation that may be retroactively applied, because it does not create new rights or liabilities, but instead furthers the remedy or confirms the rights already established by section 61.30 in 1987 when the guidelines were initially enacted. Reed v. Reed, 597 So.2d 936, 938 (Fla. 1st DCA 1992).
Third, the Husband argues that the trial court erred when it failed to include a provision terminating the Wife's exclusive use and possession of the marital home upon remarriage, citing Todd v. Todd, 734 So.2d 537 (Fla. 1st DCA 1999). We agree.
In Todd, the trial court awarded the Husband exclusive use and possession of the marital home until the parties' minor child reached the age of 18. The wife suggested that the husband's remarriage would constitute a reason for termination of the husband's use and possession of the marital home, but the trial court disagreed. The First District held that the trial court erred and stated:
An award of exclusive use and possession of the marital home must serve a special purpose, such as providing a benefit for a minor child. See Kirkland v. Kirkland, 568 So.2d 494, 495-496 (Fla. 1st DCA 1990), citing Duncan v. Duncan, 379 So.2d 949 (Fla.1980). See also Sency v. Sency, 478 So.2d 432, 433 (Fla. 5th DCA 1985)("Exclusive possession given an ex-spouse and children of a marriage always constitutes an aspect of child support in kind.").
An award of exclusive use and possession should specify the period of time for possession, and should include an express provision for termination of exclusive use and possession when the minor child attains the age of eighteen, as well as a provision that the award may be terminated if the party in residence remarries. See Kirkland, 568 So.2d at 496; Messal v. Messal, 424 So.2d 932, 934 (Fla. 1st DCA 1983); White v. White, 413 So.2d 132 (Fla. 1st DCA 1982); Savage v. Savage, 556 So.2d 1213, 1214 (Fla. 2d DCA 1990); Harvey v. Harvey, 411 So.2d 324, 325 (Fla. 5th DCA 1982). It is error to extend exclusive use and possession of the marital home beyond the attainment of majority of a minor child, or remarriage of the party in residence, in the absence of a showing of special circumstances to support continuation of exclusive use and possession. See Wilson v. Wilson, 657 So.2d 961 (Fla. 1st DCA 1995). Accord Morgenstern v. Morgenstern, 619 So.2d 327, 328 (Fla. 3d DCA 1993).
Id. at 540 (emphasis added).
In this case, there was no showing of special circumstances that would support continued exclusive use and possession of the marital home beyond the Wife's remarriage. Accordingly, the trial court erred when it failed to include a provision terminating the Wife's exclusive use and possession of the marital home upon remarriage.
In summary, we affirm the trial court's decision with regards to the parties' monthly income. We reverse and remand for the trial court to make the necessary adjustments with regards to the Husband's child support obligation and for the trial court to include a provision terminating the Wife's exclusive use and possession of the marital home upon remarriage.
Affirmed in part, reversed in part.
STEVENSON and SHAHOOD, JJ., concur.
NOTES
[1] The legislature does not define "substantial amount of time" in section 61.30, Florida Statutes (1999). Nevertheless, 44% by any definition of shared time is substantial.