798 So.2d 867 (2001)
William UNDERCUFFLER, Appellant,
v.
Elizabeth UNDERCUFFLER, Appellee.
No. 4D00-12.
District Court of Appeal of Florida, Fourth District.
November 7, 2001.
*868 Martha S. Eskuchen, Juno Beach, for appellant.
Ann Porath, Wellington, for appellee.
WARNER, J.
This appeal arises from a final judgment of dissolution of marriage. The husband raises three issues: (1) that the court erred in the amount of income it imputed to him; (2) that it failed to take into consideration child support payments made under a previous court order; and (3) that it failed to determine that the husband was the son's primary residential parent in this split custody case for all purposes. We conclude that the court erred in imputing income to the husband at a level beyond his ability; that he was not entitled to consideration for the previously ordered child support because there was no evidence that it was actually paid; and that it was error for the court not to determine that the father was the primary parent for purposes of visitation and child support.[1]
The parties were married for eight years before their separation and had two minor children, a girl, age 12, and a boy, age 8. The husband testified that he was a self-employed master electrician, who, prior to 1995, had been able to earn approximately $27,500 per year. Thereafter, his income fell off, and he supplemented it as a part-time musician. The husband quit his part-time job when the wife complained that it took him away from the home too much. During the separation, the husband *869 earned less but testified that he hoped he could get back to his level of $27,000 per year. He also had a disability, having been diagnosed with Post-Traumatic Stress Disorder and Crohn's Disease. The trial court imputed an income of $40,000 to the husband. This figure appears nowhere in the stipulated statement.
Section 61.30(2)(b), Florida Statutes (1999), governs the imputation of income for child support purposes:
Income on a monthly basis shall be imputed to an unemployed or underemployed parent when such employment or underemployment is found to be voluntary on the parent's part, absent physical or mental incapacity or other circumstances over which the parent has no control. In the event of such voluntary unemployment or underemployment, the employment potential and probable earnings level of the parent shall be determined based upon his or her recent work history, occupational qualifications, and prevailing earnings level in the community; however, the court may refuse to impute income to a primary residential parent if the court finds it necessary for the parent to stay home with the child.
In imputing income, the trial court is required "to set forth the amount and source of the imputed income." Viscito v. Menditto, 644 So.2d 135, 136 (Fla. 4th DCA 1994). However, as with any factual finding, there must be evidence to support it. Here, there was none. While the wife states that the husband testified that he could earn as much as $40,000, a figure not contained in the stipulated summary of facts, the husband responded that he said he "hoped" he could earn that much. While there was evidence of the prevailing hourly wage of an electrician, that does not translate into a yearly income without some proof of the amount of work available at that rate in the community.
In Stein v. Stein, 701 So.2d 381, 381 (Fla. 4th DCA 1997), we held that "income may not be imputed at a level which the former spouse has never earned, absent special circumstances." In Stein, the maximum amount the husband had ever earned was $35,000 annually, and, like the husband in this case, indicated that he was currently unemployed. The trial court imputed an annual income of $40,000 to him. We reversed because there was no evidence indicating that the defendant had ever earned that much, nor could he presently earn that much. See id. at 382. Similarly, in this case, there was no evidence indicating that the husband had ever earned $40,000 a year, nor that he could presently earn that much. As such, the court erred in imputing that sum to the husband.
As his second point, the husband contends that the trial court erred in failing to deduct from his income the amount he pays for child support for a child other than the children of this marriage. Section 61.30(3)(f) provides that "[c]ourt-ordered support for other children which is actually paid" is an allowable deduction from gross income for purposes of calculating net income available for child support. (Emphasis added). However, in this case there is no evidence that the husband was currently paying child support for another child not of the marriage. No evidence was presented at the hearing on this issue.
In his final point, the husband challenges the way the trial court determined primary residential parent status. The trial court determined that the parties should have shared parental responsibility of the children with the wife being designated the primary residential parent of the daughter and the husband being designated *870 primary residential parent for the son. The reason for designating the husband as primary residential custodian of the son was to allow the son to continue at his elementary school where he attended special classes, and where the mother's residence was outside the school attendance zone. However, for visitation purposes, the court designated the mother as primary residential parent of both children. Furthermore, in ordering child support, the court required the husband to pay the wife a sum in child support as though the wife were the primary residential parent of both children.
Essentially, the trial court permitted the child to attend his present elementary school but actually gave the wife the greater residential time with the son, as she had been the children's primary caretaker for most of the marriage. The trial court has a great deal of discretion in deciding issues of primary physical residence and "an appellate court will not disturb the trial court's decision unless there is no substantial competent evidence to support that decision." Adair v. Adair, 720 So.2d 316, 317 (Fla. 4th DCA 1998). We conclude that the trial court's decision is not an abuse of discretion.
While the husband was designated primary residential parent, the wife still has the children for more overnights during the year than the husband. Therefore, we find no abuse of discretion in determining that she has "custody" for purposes of awarding child support. However, the court failed to take into consideration the substantial amount of time that the husband spends with the children as is required in section 61.30(1)(a). In Arze v. Sadough-Arze, 789 So.2d 1141, 1144 (Fla. 4th DCA 2001), we held that it was error to fail to take into consideration the substantial amount of time that the children spend with the non-custodial parent. We noted in that case that the children spent 44% of their time with the father. See id.
The legislature recently amended section 61.30(11)(b) to define "substantial amount of time" that a parent spends with a child as amounting to 40% or more of the overnights of the year. See 2001-158 § 16 at 1306, Laws of Fla. While we have not calculated exactly how much time is spent with each parent pursuant to the visitation schedule attached to the complaint, it is our impression that it may very well meet this mandatory criteria. Because this case must be reversed and remanded to correct the income determination, the amended statute will apply to any recalculation of child support.
For the foregoing reasons, we reverse the calculation of child support, including the imputation of income to the husband. Because a new hearing is required, we do not preclude the husband from proving that he is actually paying child support for another child pursuant to court order. We affirm all other issues, and we remand for further proceedings.
STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] There is no transcript of the proceedings, and the parties rely on a stipulated summary of the trial testimony.