823 So.2d 155 (2002)
Esmeraldo CONSTANTINO, Appellant,
v.
Helene Taday CONSTANTINO, Appellee.
No. 4D01-3377.
District Court of Appeal of Florida, Fourth District.
June 19, 2002.
Opinion on Grant of Rehearing July 31, 2002.
*156 Steven Friedman of Law Office of Steven Friedman, Pembroke Pines, for appellant.
Donald J. Vestal of Donald J. Vestal, P.A., Hollywood, for appellee.
POLEN, C.J.
Esmeraldo Constantino ("Esmeraldo") timely appeals the circuit court's determination of his child support obligation as found in the Final Judgment of dissolution of his marriage to appellee Helene Constantino ("Helene") entered July 26, 2001. We agree with Esmeraldo's contention the lower court improperly computed his support obligation under section 61.30, Florida Statutes and, therefore, reverse.
Esmeraldo and Helene were married for approximately seven years prior to the filing of the dissolution proceedings below. Two children were born of the marriage, ages eight (8) and five (5) years old. But for the issue of child support, all matters were resolved by a settlement agreement, e.g., primary residential parent, equitable distribution of marital assets, alimony, payment of attorneys' fees. The settlement agreement provided the parties were to share parental responsibility with Helene designated as the primary residential custodian. The children were to reside with Esmeraldo from Monday after school until Thursday morning, at which time they would be taken either directly to school or to Helene's home. The children were to spend the remainder of their time at Helene's residence. Esmeraldo maintained he was entitled to a substantial reduction in his child support obligation based on the physical custody agreement, relying on Jones v. Johnson, 747 So.2d 1066, 1067-68 (Fla. 5th DCA 2000). Helene disagreed and sought full guidelines support without any reduction, and the matter was hence left for judicial resolution.
The lower court held Jones was inapplicable, since in the court's opinion this was not a "rotating custody arrangement," but rather a primary residential custody arrangement. Thus, the court held Esmeraldo was not entitled to a "substantial reduction" *157 in his child support obligation. However, the court continued Esmeraldo was entitled to a 4% reduction in his guidelines support obligation. The court arrived at this figure by computing the number of hours per week the children would spend with Esmeraldo per the agreement, which it determined to equal 39%. The court then declared custody amounting to 35% constituted "substantial time," and hence Esmeraldo was entitled to a reduction in his support obligation equal to the amount of time he would have physical custody over and above this "substantial time" threshold: 39%-35% = 4%.
First, we find the trial court committed legal error in holding Esmeraldo was not entitled to a "substantial reduction" in his support obligation, on the grounds this was a primary residential, not a rotating, custody arrangement. This court has expressly rejected this same argument, maintaining the true yardstick (for reduction purposes) is whether the children spend a "substantial amount of time" with both parents, not what label is affixed to the custody arrangement. See Arze v. Sadough Arze, 789 So.2d 1141 (Fla. 4th DCA 2001)(trial court erred in awarding wife full guidelines support simply because she was designated the primary residential parent; court should have taken into consideration the fact the child was spending a "substantial amount of time" at each parent's residence); Undercuffler v. Undercuffler, 798 So.2d 867 (Fla. 4th DCA 2001).[1] Furthermore, we find the lower court erred in computing the amount of time the children would spend with each parent, by computing custody based on hours, not overnights spent in each parent's respective control.
Section 61.30(1)(a), Florida Statutes (2001), provides:
[T]he trier of fact shall order payment of child support which varies from the guideline amount as provided in paragraph (11)(b) whenever any of the children are required by court order or mediation agreement to spend a substantial amount of time with the primary and secondary residential parents. This requirement applies to any living arrangement, whether temporary or permanent.
Subsection (11)(b), alluded to above, defines a "substantial amount of time" as an arrangement where the noncustodial parent exercises visitation at least 40 percent of the overnights of the year. § 61.30(11)(b)(10), Fla. Stat. (2001).
On appeal, Helene concedes under the custody arrangement as provided for in the settlement agreement, and adopted by the court in its final judgment of dissolution, Esmeraldo would have custody of the children more than 40% of the overnights. Thus, Esmeraldo is entitled to a "substantial reduction" in his guidelines child support obligation as provided for in s. 61.30(11)(b), and the trial court's failure to calculate his support obligation using those necessary adjustments constitutes an abuse of discretion. See Arze, 789 So.2d at 1144-45 (the amended version of s. 61.30, effective July 1, 2001, is remedial legislation that should be retroactively applied, even if the petition for dissolution was filed prior to its effective date).
Notwithstanding, we decline Esmeraldo's invitation for this court to recalculate his support obligation under section 61.30. We note section 61.30(11)(b) merely provides a presumption of what a nonresidential parent's child support obligation should be, a figure from which the trial *158 court may deviate, in exercise of its discretion, in setting the final support obligation. See, e.g., §§ 61.30(11)(a)(1-11),(11)(b)(9). In this vein, on remand the parties shall have the opportunity to present additional evidence relevant to this re-determination of the final support obligation under section 61.30.
REVERSED and REMANDED for proceedings consistent with the foregoing.
GROSS and TAYLOR, JJ., concur.

ON MOTION FOR CLARIFICATION
PER CURIAM.
Appellant's June 25, 2002, motion for clarification is granted and we clarify our original opinion issued June 19, 2002, as follows.
On remand, in redetermining the final support obligation under section 61.30, Florida Statutes, the trial court may receive and consider all relevant factual evidence, including evidence of any factual matters which may have arisen subsequent to the initial determination.
POLEN, C.J., GROSS and TAYLOR, JJ., concur.
NOTES
[1] We note this court's opinion in Arze was not issued until after the final hearing was held. Notwithstanding, the holdings reached in Arze, specifically its interpretation of s. 61.30, are to be retroactively applied, discussed, infra.