DAMOORGIAN, J.
Rhett Fisher (“Former Husband”) timely appeals a final judgment of dissolution of marriage. We affirm the final judgment with one exception relating to the marital residence.
The final judgment provided, inter alia, that “[t]he children and Wife shall be awarded exclusive use of the marital home for a minimum of 14 years, when the parties’ youngest child will begin college or otherwise be emancipated.” Former Husband contends the trial court erred in granting Stacey Fisher (“Former Wife”) exclusive use and possession of the marital home without providing for termination of such use upon Former Wife’s remarriage. We agree. Although the trial court did provide that Former Wife’s exclusive use and possession of the marital home would terminate upon the earlier of the youngest child beginning college or becoming emancipated, it failed to provide for the contingency of Former Wife’s remarriage.
As this Court has stated:
An award of exclusive use and possession should specify the period of time for possession, and should include an express provision for termination of exclusive use and possession when the minor *101 child attains the age of eighteen, as well as a provision that the award may be terminated if the party in residence remarries.
Arze v. Sadough-Arze, 789 So.2d 1141, 1145 (Fla. 4th DCA 2001) (quoting Todd v. Todd, 734 So.2d 537, 540 (Fla. 1st DCA 1999)). While in principle we find no error with the exclusive use award, it was error to extend exclusive use and possession of the marital residence beyond the remarriage of the Former Wife in absence of a showing of special circumstances. Arze, 789 So.2d at 1145. On remand, the trial court is directed to amend the final judgment to include a provision terminating the Former Wife’s exclusive use and possession of the marital home upon remarriage.

Affirmed in part and reversed in part.

MAY, C.J., and HAZOURI, J., concur.