575 So.2d 1331 (1991)
James Edward BEARD, Appellant,
v.
Victoria Lorne BEARD, Appellee.
No. 90-01451.
District Court of Appeal of Florida, Second District.
February 22, 1991.
Rehearing Denied March 14, 1991.
*1332 Mark P. Kelly of Freeman, Lopez & Kelly, P.A., Tampa, for appellant.
David M. Carr of David Michael Carr, P.A., Tampa, for appellee.
SCHOONOVER, Chief Judge.
The appellant, James Edward Beard, challenges final orders awarding the appellee, Victoria Lorne Beard, increased child support and attorney's fees.
Mr. and Mrs. Beard were divorced in 1980. The final judgment dissolving their marriage awarded custody of the parties' son to the wife and ordered the husband to make certain support payments. In 1982, the trial court entered an amended judgment requiring the husband to pay increased child support in the amount of $195 per month.
In 1989, Mrs. Beard filed a petition seeking to modify the amended final judgment by increasing the husband's child support payments. She also requested an award of attorney's fees. Mr. Beard filed a written response contending that, since Mrs. Beard was seeking the modification, the court should consider his obligation to support his two children by a subsequent marriage in determining his ability to pay increased child support. He maintained this position at the hearing on the petition and in closing argument at the conclusion of the hearing. After hearing evidence concerning the child's needs and the parties' ability to pay, the trial court increased the child support to the sum of $340 per month. The court announced that he had considered Mr. Beard's obligation to his new family and that his determination of ability to pay was based partly upon Mr. Beard's current job and partly upon a second or even third job if necessary. The court's written order found that there had been a material change in circumstances because of the increased needs of the child and because of Mr. Beard's increased ability to pay based upon his existing and imputed income. The appellant timely appealed the order modifying child support and the subsequent order requiring him to pay a portion of Mrs. Beard's attorney's fees.
We disagree with Mr. Beard's contention that the trial court erred by failing to take into consideration his obligation to support his two children by a subsequent marriage when determining his ability to pay. It is not necessary for us to decide the trial court's obligation to consider subsequent children when a child support increase is being requested. See Rook v. Rook, 469 So.2d 172 (Fla. 5th DCA 1985). In this case, the trial court did consider Mr. Beard's two other children in making his determination, and furthermore, Mr. Beard presented insufficient evidence concerning his expenses in supporting these children.
We agree, however, with Mr. Beard's contention that the court erred in imputing income to him in determining his ability to pay increased child support. The testimony at the final hearing in this matter established a substantial change in the needs of the child and in Mr. Beard's ability to pay. The trial court erred, however, by imputing income to him in determining the amount of the increase. A court has the authority to impute income to a party upon a showing that the party has the ability to earn more by use of his or her best efforts to gain employment equal to his or her capabilities. Haas v. Haas, 552 So.2d 221 (Fla. 2d DCA 1989). This determination of earning capacity versus actual earnings assumes that the party to whom income is imputed has chosen to earn less and has the ability to remedy the situation. Greene v. Greene, 547 So.2d 1302 (Fla. 2d DCA 1989). In this case, however, there was no evidence showing that the father was not using his best efforts. Rather, the evidence clearly showed that the father is *1333 working full time, commensurate with his education and training. The trial court, therefore, erred in imputing income to him in determining his ability to pay child support.
We, therefore, reverse and remand for reconsideration of the amount of increase in child support. Upon remand, the trial court should determine the amount of increase without imputing any income to Mr. Beard. Furthermore, since the award of attorney's fees was based, at least in part, on the judgment entered, we reverse that award without prejudice to reconsideration after another ruling is made.
Reversed and remanded with instructions.
PARKER and PATTERSON, JJ., concur.