650 So.2d 628 (1994)
Mark K. STRALEY, Appellant,
v.
Stacy FRANK, Appellee.
No. 94-1051.
District Court of Appeal of Florida, Second District.
November 28, 1994.
Rehearing Denied March 2, 1995.
Raymond A. Alley, Jr., of Raymond A. Alley, Jr., P.A., and Mark K. Straley, Tampa, for appellant.
George A. Vaka of Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, for appellee.
PER CURIAM.
By this appeal, we are asked to enforce the mandate issued pursuant to our opinion, sitting as the Second District Court of Appeal, in Straley v. Frank, 612 So.2d 610 (Fla. 2d DCA 1992), rev. denied, 624 So.2d 265 (Fla. 1993). We have jurisdiction. See Art. V, § 4(b)(3), Fla. Const.; § 35.08, Fla. Stat. (1993); Fla.R.App.P. 9.300 & 9.400(c).
When an appellate court's mandate issues, compliance by the lower court with that mandate is a purely ministerial act. O.P. Corp. v. Village of North Palm Beach, 302 So.2d 130, 131 (Fla. 1974). An appellate court has inherent power to see that its mandates are properly complied with by a lower court. Possner v. Possner, 257 So.2d 530 (Fla. 1972).
In our 1992 Straley opinion, we found that the trial court had erred in several particulars: (1) in characterizing the passive appreciation in market value of Straley's non-marital real estate partnerships as a marital asset. We directed, in regard to these partnerships, that Straley be debited only for one-half of the reduction of his share of the mortgage debt on these properties, which was the sum of $4,347.50; (2) in denying Straley's claim to a credit for one-half the value of the Mako motor boat; (3) in allocating all of the marital debt of $111,000.00 to Straley and none of it to Frank; (4) in awarding an attorney's fee to Frank.
*629 We reversed the judgment below and remanded with directions that the trial court enter a judgment consistent with our opinion  i.e., one which corrected the specified errors. The trial court has declined to do that. Instead, the revised judgment entered by a successor trial judge simply requires Frank to pay Straley the sum of $44,471.00 in the form of a three-year note, leaving the entire interest in the Mako boat in Frank, and leaving Straley alone responsible for the $111,000.00 marital debt.
The figure of $44,471.00 was arrived at by the trial judge by taking the past depreciation of Straley's non-marital partnership interest and deducting therefrom the mortgage reduction attributable to Straley's share. This produced the figure of $89,029.00, which the trial judge concluded was the amount which the marital estate had been overstated in the original judgment. She then roughly divided this figure by two. This approach, of course, does not resolve the inequitable allocation of the marital debt, and still deprives Straley of his one-half interest in the Mako boat.
We vacate the revised judgment entered by Circuit Judge Foster on March 2, 1994, except insofar as that judgment deals with the award of attorney's fees and costs for proceedings before the Florida Supreme Court. A new judgment shall be entered which reflects an allocation to Frank of one-half of the marital debt of $111,000.00 ($55,500.00), with a debit to Straley in the amount of $4,347.50 (one-half mortgage reduction) and a credit to Straley of $4,500.00 (one-half value of Mako boat). This results in a figure of $55,652.50. Because we are advised that Frank has paid $44,471.00 into the registry of the trial court, on remand judgment shall be entered for Straley directing payment to him of this registry amount and, in addition, awarding to him the additional amount of $11,181.50, plus interest at the statutory rate on the total of $55,652.50 from the date the original dissolution judgment was entered, November 27, 1989. The total amount of the additional judgment, inclusive of interest through November 28, 1994, is $44,597.30.[1] Final judgment shall be entered for Straley in the amount of $44,597.30 for which sum execution shall issue.
JUDGMENT VACATED IN PART; CAUSE REMANDED FOR ENTRY OF REVISED FINAL JUDGMENT.
DAUKSCH, COBB and THOMPSON, Associate Judges, concur.
NOTES
[1] Addition of statutory interest on the amount of $55,652.50 from November 27, 1989 through November 28, 1994 results in a total amount due to Straley of $89,068.30. Since Frank has already paid $44,471.00 into the registry of the trial court, the additional amount due is $44,597.30.