PER CURIAM.
We review a final judgment of dissolution and a judgment awarding attorney’s fees.
In arriving at an equitable distribution, the trial court distributed to the husband, as his principal asset, the business known as “Akins the Artist,” the name under which he earned income as a commercial artist. However, the business had no assets other than some small accounts receivable. The $65,000 value placed on the business was based solely on the wife’s unsupported opinion. The wife’s estimate was arrived at arbitrarily and is simply the amount of gross yearly income. She had no independent knowledge or experience to support her opinion. There is nothing in the record to support a conclusion that the husband’s earnings indicated anything other than his earning capacity. Even if minimal good will is assumed, there was no reliable basis in the evidence from which to conclude that the “business” had a value irrespective of the husband’s individual reputation. Therefore, it was error to include the business as an asset for equitable distribution purposes. See Thompson v. Thompson, 576 So.2d 267, 270 (Fla.1991).
Additionally, it is undisputed that the court used incorrect mortgage figures, specified in the judgment, in computing the net value of *331 two of the parties’ properties. As to one, the correct amount was $5,000 rather than $8,000 and as to the other, $20,000 rather than $27,500.
Therefore, we reverse the final judgment and the judgment awarding attorney’s fees and remand for further proceedings.
GUNTHER, BOBBY W., STONE, BARRY J. and WARNER, MARTHA C., Associate Judges, concur.