839 So.2d 910 (2003)
David R. AKINS, Appellant/Cross-Appellee,
v.
Norma J. AKINS, Appellee/Cross-Appellant.
No. 5D01-3643.
District Court of Appeal of Florida, Fifth District.
March 14, 2003.
Neva M. Kelaher, Winter Park, for Appellant/Cross-Appellee.
Shannon L. Akins, of Shannon L. Akins, P.A., Orlando, for Appellee/Cross-Appellant.
MONACO, J.
This is an appeal and cross appeal from a Second Amended Final Judgment rendered by the lower court after remand by this court. Akins v. Akins, 659 So.2d 330 (Fla. 5th DCA 1995). The central issue raised by the appellant, the former husband, is whether the lower court erred in failing to review both equitable distribution and alimony on remand, and in not finding that the two were interrelated and integral parts of an overall scheme. The former wife cross-appeals, raising three points. First, the former wife contends that the lower court refused to correct a mathematical error. Secondly, she maintains that the court erred in failing to award her attorney's fees on remand. Finally, the former wife argues that the lower court abused its discretion in treating *911 the former husband's motion for a rehearing as a petition to modify alimony even though that relief was not requested by the former husband.
The trial court properly recognized, in connection with the issue raised by the former husband, that it was not authorized to deviate from the terms of an appellate court's instructions. Straley v. Frank, 650 So.2d 628 (Fla. 2d DCA 1994). That is to say, a trial court lacks discretionary power to go beyond the scope of relief granted by the appellate court. Rinker Materials Corp. v. Holloway Materials Corp., 175 So.2d 564 (Fla. 2d DCA), cert. denied, 180 So.2d 657 (Fla.1965). Thus, once the present case was decided on appeal, the circuit court was bound by the decree as the law of the case and was required to perform the purely ministerial act of implementing the mandate. As the trial court could not give any other relief other than to put into effect that which had been remanded, it was correct in declining to grant the relief sought by the former husband. Hill v. Palm Beach Polo, Inc., 805 So.2d 1014, 1016 (Fla. 4th DCA 2001).
With respect to the issues raised by the cross-appeal, the trial court erred only in failing to award attorney's fees to the former wife on remand. See Cattaneo v. Cattaneo, 803 So.2d 889 (Fla. 5th DCA 2002); Segall v. Segall, 708 So.2d 983 (Fla. 4th DCA 1998); Rico v. Rico, 487 So.2d 1161 (Fla. 5th DCA 1986). The trial court is directed, therefore, to reconsider the issue of attorney's fees in light of the change of the relative financial resources of the parties engendered by the trial court's redistribution of assets that resulted from the earlier appeal, and to award to the former wife an appropriate attorney's fee commensurate with the reallocated resources of the parties.
AFFIRMED in part, REVERSED in part and REMANDED.
SAWAYA and PLEUS, JJ., concur.