898 So.2d 1021 (2005)
Lauren Richard ROSECAN, Appellant,
v.
Carol Ann SPRINGER, Appellee.
No. 4D03-4404.
District Court of Appeal of Florida, Fourth District.
March 9, 2005.
Rehearing Denied April 13, 2005.
Paula Revene, Fort Lauderdale, and Greene, Smith & Associates, P.A., Miami, for appellant.
Neil B. Jagolinzer of Christiansen & Jacknin, West Palm Beach, for appellee.
MAY, J.
This is our second opportunity to review the trial court's award of permanent periodic alimony in this dissolution proceeding. In 2003, this court issued its opinion in the former husband's appeal from the final judgment of dissolution. See Rosecan v. Springer, 845 So.2d 927 (Fla. 4th DCA 2003). We reversed the permanent periodic alimony award, and remanded the case to the trial court. We did not dictate the ultimate result, but permitted the court to use its discretion in fashioning alimony in line with the factual findings it had previously made.
Rather than comply with this court's instructions and our mandate, the trial court had this to say:
[W]hat they did simply is to say that they didn't understand. Well, what they didn't understand is they didn't tax effect, even though the final judgment says taxable to the wife and a deductible by the husband. They didn't tax effect that, so that's why they couldn't figure out the numbers and they obviously didn't take the time, or didn't have the ability to take the time to look at the books that were submitted to me.
The trial court's suggestion that we did not understand the tax consequences is refuted by our opinion in which we recited that "the court awarded a permanent periodic alimony of $20,000 a month, taxable to the wife." Rosecan, 845 So.2d at 929. We understood.
On remand, the trial court, without any new evidence, attempted to rework its original findings in order to award the *1022 same amount of alimony we reversed in our prior opinion. In its original judgment, the trial court found the following:
 "The disparity in income between the parties is significant even if the Wife were to return to work full-time.... Working full time as a non-surgical ophthalmologist, her wages in the short-run would not likely exceed $130,000. Her annual wages in the long run of $200,000 to $300,000 (three to five years) will still never approach that of her Husband. However, her ability to reach that level of earnings do [sic] not require her to re-train for surgical skills. Her voluntary retirement is not a justification to receive alimony...."
On remand, contrary to our instruction and the findings articulated above, the court reconstructed the findings of fact.
 "[T]o impute earned yearly income to the Wife of $200,000.00, as suggested by Husband's accountant, would require the Wife not only to work full-time, but at even a greater level of employment than a 40 hour work week. That was never the historical reality of the intact marriage as the evidence and the Corrected Final Judgment specifically identified. Therefore, the speculation made by the Husband's accountant was not reliably established."
Similarly, in the original final judgment, the court found:
 "The Wife's resources include income-producing rental property, substantial liquid assets yielding passive income, and substantially more liquid assets upon equitable distribution.... The Court is persuaded that she shall indeed receive a respectable income therefrom without liquidating all her assets...."
On remand, and we again emphasize without hearing further testimony, the court found:
 "The Court specifically rejects the Husband's accountant's speculation that the Wife would receive $100,000.00 to $200,000.00 in passive income. There simply is not reliable supporting evidence from the trial for that contention. The Wife's accountant opined that her passive income would be less than $1,000.00 per month."
Remands are for the purpose of correcting the error which resulted in the reversal of a judgment. The trial court's discretion upon remand is limited by the scope of the relief granted. See Akins v. Akins, 839 So.2d 910, 911 (Fla. 5th DCA 2003). Needless to say, the trial court exceeded its authority on remand in this case.
As the trial court initially found, the former wife was not a stay-at-home wife, who sacrificed her career for the sake of the husband's career and family. She is both a doctor and a lawyer, who has an earning capacity. She also received income-producing assets, which were acknowledged by the trial court in the original final judgment, but ignored by the court on remand. The fact that the former husband has a lucrative practice does not justify the court turning a blind eye to the statutory factors to be considered in an award of alimony, which include the financial resources of each party and the sources of income available to each. See § 61.08(2)(a)-(g), Fla. Stat. (2001).
The former wife's identified need is $18,289. The testimony from the trial revealed her earning capacity at a minimum of $130,000 with a potential of $200,000-$300,000 in three to five years. The $130,000 earning capacity yields over $10,000 per month in income. The former wife received substantial income-producing *1023 assets as a result of the equitable distribution. Upon this remand, the court should determine the amount of passive income to be attributed to those assets, add that to at least the minimum income of $130,000 and determine what difference, if any, results. The court should then determine what alimony, if any, is warranted.
REVERSED.
GUNTHER and KLEIN, JJ., concur.