968 So.2d 713 (2007)
Dale D. CASTALDI, Appellant,
v.
Janet R. CASTALDI, Appellee.
No. 2D06-5084.
District Court of Appeal of Florida, Second District.
November 28, 2007.
*714 Gary E. Williams, Clearwater, for Appellant.
Edward S. Campbell of LaBarbera and Campbell, Tampa, for Appellee.
LaROSE, Judge.
Dale D. Castaldi (the Husband) appeals the final judgment dissolving his marriage to Janet R. Castaldi (the Wife). He claims that the trial court erred in calculating the amount of alimony awarded to the Wife. He also appeals the award of attorney's fees to the Wife.

Attorney's Fees
We dismiss the Husband's appeal as it relates to attorney's fees. Because the trial court decided only entitlement to and not the amount of fees, this portion of the final judgment is nonfinal and nonreviewable. See Montanez v. Montanez, 697 So.2d 184, 186 (Fla. 2d DCA 1997).

Alimony
The trial court awarded the Wife alimony in the amount of $3000 per month. The Husband argues that the trial court failed to make a specific factual finding as to "[a]ll sources of income available to either party." See § 61.08(2)(g), Fla. Stat. (2005). The final judgment states that "[t]he Court considered the equitable distribution of assets and liabilities . . ., as well as the incomes of each of the parties . . . [and] reviewed both party's financial affidavits. . . ." The final judgment sets forth specific findings concerning the amount of each party's income. We find no deficiency in the trial court's factual findings.
The Husband also argues that in calculating the Wife's income, the trial *715 court should have included income from her portion of the Husband's retirement plans. The Husband relies on Rosecan v. Springer, 898 So.2d 1021, 1023 (Fla. 4th DCA 2005), to support his position. In Rosecan, however, the assets were "income-producing rental property [and] substantial liquid assets yielding passive income. . . ." Id. at 1022. That is not the case here.
The Husband and Wife were fifty and forty-nine, respectively, at dissolution. They were receiving no payments from the Husband's retirement plans. See, e.g., Diffenderfer v. Diffenderfer, 491 So.2d 265, 267 (Fla.1986) (holding pension fund was "contractual right to the future benefits payable"); Batson v. Batson, 821 So.2d 1141, 1142 (Fla. 5th DCA 2002) (including pension as income where retired husband received monthly pension payout). In fact, the Husband's financial affidavit includes no income from the retirement plans; none was included in computing his income for alimony purposes. Even if his retirement funds were producing income at the time of the final hearing, such income should "be treated either as income or as a marital asset," but not both. Batson, 821 So.2d at 1142 (citing Diffenderfer, 491 So.2d at 267). The trial court treated the funds in the Husband's retirement plans as marital assets and distributed them accordingly.
The Husband argues further that the trial court erred in not imputing a $30,000 annual income to the Wife, about $6000 a year more than she was presently earning. The Husband, relying on Solomon v. Solomon, 861 So.2d 1218, 1220-21 (Fla. 2d DCA 2003), claims that the trial court incorrectly required him to identify specific available job openings, when it should have required the Wife to show that she had used her best efforts to obtain better-paying employment.
The trial court imposed no such burden on the Husband. Rather, it found that the vocational expert's report was insufficient regarding local pay rates for suggested job categories and did not identify jobs the Wife could obtain without further training. See Andrews v. Andrews, 867 So.2d 476, 478 (Fla. 5th DCA 2004); Koeppel v. Holyszko, 643 So.2d 72, 75 (Fla. 2d DCA 1994). The trial court correctly ruled that it could not impute income based on jobs for which the Wife was not qualified. See Hinton v. Smith, 725 So.2d 1154, 1157 (Fla. 2d DCA 1998) (citing Ritter v. Ritter, 690 So.2d 1372, 1374-75 (Fla. 2d DCA 1997)) (holding that trial court must base imputation of income on current, rather than potential, occupational qualifications).
The Husband's vocational expert opined that the Wife could work in a variety of positions with average hourly wages ranging from $14.57 to $23.73. However, the Wife would need several months of retraining to qualify for those positions. His report also suggested that the Wife could work as an LPN with additional training that would take a year, cost approximately $5000, and require the Wife to quit her current full-time job to attend classes. "Best efforts" do not include retraining, but only finding a job for which one is already qualified. See Beard v. Beard, 575 So.2d 1331, 1332-33 (Fla. 2d DCA 1991) (holding evidence did not show failure to use best efforts where husband was working full time commensurate with his education and training).
"In imputing income, the court must consider recent work history as well as occupational qualifications and prevailing earnings." Solomon, 861 So.2d at 1220; see also Cushman v. Cushman, 585 So.2d 485, 486 (Fla. 2d DCA 1991). "`[I]ncome may not be imputed at a level which the former spouse has never earned, absent *716 special circumstances.'" Hinton, 725 So.2d at 1157 (quoting Stein v. Stein, 701 So.2d 381, 381 (Fla. 4th DCA 1997)). Here, the Wife testified that she had never had a job making more than her present wage of $12.60 an hour. The trial court did not abuse its discretion in deciding not to impute a higher income to the Wife.

Discounting of Husband's Expenses
Finally, the Husband contends that the trial court erred by discounting his living expenses in calculating alimony. The Husband argues that the trial court lacked a factual basis for such discounting. The final judgment, however, belies the Husband's assertion. The trial court correctly concluded that the Husband overstated his monthly expenses. For example, the trial court reduced the Husband's claimed living expenses by one-third, noting that the Husband's companion paid many of those expenses. The evidence supports other instances of discounting, and the trial court adequately explained its rationale. We find no abuse of discretion on this point.
Dismissed in part and affirmed in part.
CANADY and VILLANTI, JJ., Concur.