985 So.2d 607 (2008)
Lauren Richard ROSECAN, M.D., Appellant,
v.
Carol Ann SPRINGER, Appellee.
No. 4D06-964.
District Court of Appeal of Florida, Fourth District.
June 11, 2008.
Rehearing Denied July 30, 2008.
*608 Paula Revene of Paula Revene, P.A., Fort Lauderdale, and Greene, Smith & Associates, P.A., Miami, for appellant.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, and Jay R. Jacknin of Christensen & Jacknin, Lawyers, West Palm Beach, for appellee.
WARNER, J.
In this third appeal from the dissolution of the parties' marriage, the former husband contends that the trial court violated our mandate after the second appeal by revaluing assets and failing to impute income to the former wife for purposes of alimony. We agree that the court did not follow our mandate by revaluing assets. It also erred in failing to apply a reasonable rate of return in income to the former wife's substantial assets. We reverse.
The parties, both ophthalmologists, were divorced after an eighteen year marriage. The trial court divided the assets, worth several million dollars, and awarded the former wife child support of $17,000 per month and alimony of $20,000 per month. On appeal, we reversed the alimony determination, concluding that not only had the court awarded more than the former wife's needs, it based the award mainly on the parties' disparity in income. Rosecan v. Springer, 845 So.2d 927 (Fla. 4th DCA 2003) ("Rosecan I"). We concluded that disparity in income alone did not justify the trial court's alimony award and remanded to the trial court for "reconsideration of the award of alimony, while removing income disparity from the equation." Id. at 930. We warned the parties, "This remand is not an invitation for these litigious parties to relitigate the issue of alimony." Id. Finally, we told the trial court to consider "its existing findings concerning the wife's current and future earning capacity and passive income in relation to the court's finding of her need." Id.
On remand, the trial court changed some of its factual findings and awarded the same amount of alimony to the former wife. Again the former husband appealed. In Rosecan v. Springer, 898 So.2d 1021 (Fla. 4th DCA 2005) ("Rosecan II"), we explained, "On remand, the trial court, without any new evidence, attempted to rework its original findings in order to award the same amount of alimony we reversed in our prior opinion." Id. at 1021-22. For example, the trial court determined on remand that her passive income was less than $1,000 per month. Id. at 1022. We noted that this was contrary to the trial court's prior finding that the *609 former wife would generate $100,000 to $200,000 in passive income on her assets. We rejected this revision of the factual findings, explaining:
Remands are for the purpose of correcting the error which resulted in the reversal of a judgment. The trial court's discretion upon remand is limited by the scope of the relief granted. See Akins v. Akins, 839 So.2d 910, 911 (Fla. 5th DCA 2003). Needless to say, the trial court exceeded its authority on remand in this case.
Id. We reversed the alimony award again, and stated:
Upon this remand, the court should determine the amount of passive income to be attributed to those assets, add that to at least the minimum income of $130,000 and determine what difference, if any, results. The court should then determine what alimony, if any, is warranted.
Id. at 1023.
Again, despite these specific directions, on remand and after several evidentiary hearings, the court revalued the assets distributed to the former wife; attributed very little income to them because the parties had invested in growth stocks which produced little current income; and imputed $130,000 in income to the former wife. After all of these calculations, the court found that the former wife needed $8,528 net each month in alimony from her former husband to meet her monthly expenses. The former husband appeals for the third time.
The trial court again went beyond the mandate by revaluing the assets, even though in both prior cases we expressly stated the limited nature of the court's duties on remand. "A trial court is without authority to alter or evade the mandate of an appellate court absent permission to do so." Blackhawk Heating & Plumbing Co. v. Data Lease Fin. Corp., 328 So.2d 825, 827 (Fla.1975). The court had equitably divided and awarded assets in the amount of $6,750,947.50 to the former wife in the original final judgment. Rosecan I, 845 So.2d at 929. That division and valuation was not disturbed in the first appeal, nor did our directions on remand permit any revaluation. Nevertheless, after the second remand, the trial court changed the values set in the original final judgment. This exceeded the mandate.
More importantly, the court erred in its determination of the income to be derived from those assets, regardless of their value. The court accepted a .1% rate of return on the assets as a reasonable rate of return. The court reasoned that because the parties invested in stocks emphasizing growth during the marriage, the former wife would not be required to invest her stocks to produce a more reasonable rate of income post-divorce.
Under section 61.08(2)(g), Florida Statutes, a court may consider all sources of income available to either party in computing alimony. Income includes "annuity and retirement benefits, pensions, dividends, interest, royalties, trusts, and any other payments, made by any person [or] private entity...." § 61.046(8), Fla. Stat. Florida courts have interpreted the statutory language to mean that a court should impute income that could reasonably be projected on a former spouse's liquid assets. Greenberg v. Greenberg, 793 So.2d 52, 55 (Fla. 4th DCA 2001).[1]
Our supreme court has determined that "[i]n awarding alimony, the court may *610 not factor in speculative post-dissolution savings based upon a marital history of frugality." Mallard v. Mallard, 771 So.2d 1138, 1140 (Fla.2000). Put another way, "alimony may not include a savings component." Id. at 1141. In Donoff v. Donoff, 940 So.2d 1221, 1224 (Fla. 4th DCA 2006), this court cited Mallard and stated that trial courts may not "increase the amount of alimony by adding an investment (i.e., growth) allowance...."
Since Florida courts have not determined what a reasonable rate of passive income is, the former husband cites Miller v. Miller, 160 N.J. 408, 734 A.2d 752 (1999). In Miller, the New Jersey Supreme Court decided to impute a rate of return based on long-term corporate bonds, which averaged out to a yearly rate of about 7.7%. Id. at 761. In Overbay v. Overbay, 376 N.J.Super. 99, 869 A.2d 435, 441 (2005), however, the court limited Miller to its facts because Mr. Miller was an experienced investor with over $6 million and a high tolerance for risk. Id. at 441. The court in Overbay stated,
The lesson to be learned from Miller is that when a spouse with underearning investments has the ability to generate additional earnings  without risk of loss of depletion of principal  but fails to do so, it is fair for a court to impute a more reasonable rate of return to the underearning assets, comparable to a prudent use of investment capital.
Id. at 443. We think this is the essence of the Florida position, as revealed in Mallard and Donoff.
The experts at the hearing pegged a reasonable rate of return for the former wife's assets at between 5% and 6%. Using either number and applying it to the assets awarded in the final judgment, that income, when combined with the minimum income established for the former wife by this court in Rosecan II, yields more than sufficient resources to meet the former wife's needs without an award of alimony from the former husband.[2]
We do, however, conclude that, within the terms of the mandate, the court did not err in imputing to the former wife only the minimum professional practice income of $130,000 as set forth in our mandate. Although the mandate left the court with discretion to impute more income, particularly in future years, it was not compelled to do so. The court could not have imputed less than that amount, and we thus affirm as to the former wife's issue on cross-appeal.
We affirm the remaining issues on cross-appeal, particularly the issue regarding attorney's fees. Reviewing the record since our original reversal indicates that the former wife should not be entitled to fees based upon Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
Seven years after the final judgment was entered, the parties are still litigating its provisions. We endeavor to create finality to the final judgment with this decision.[3] We reverse and remand for entry *611 of an amended judgment determining that the former wife is not entitled to an award of permanent alimony from the former husband. On remand, the court shall calculate the amount of overpayment to the former husband and determine a reasonable repayment schedule for such amounts.[4] In authorizing this, we note that the trial court already ordered a repayment of some of the excess alimony payments in the order appealed, and the former wife has failed to contest the former husband's entitlement to repayment.
Reversed and remanded with directions.
POLEN and TAYLOR, JJ., concur.
NOTES
[1] This court has already determined that former wife has "substantial liquid assets." See Rosecan II, 898 So.2d at 1022. The law of the case doctrine prevents the former wife from raising this argument now.
[2] Even if one were to use the lower asset valuation established by the court, investing those assets at a 6% return, and combined with a reasonable income from the former wife's rental properties (which the original final judgment noted were being rented below market value) as well as the former wife's imputed income from practicing her profession, she would still generate sufficient income to cover her needs as found in the original final judgment.
[3] We note, however, that the court reserved jurisdiction in the final judgment to enforce various matters. Given the history of this litigation, our attempts at ending this litigation may be thwarted because of the reservation and other issues whose consideration may have been suspended awaiting these appeals of the final judgment itself.
[4] If interest is awardable, the interest must be calculated from the date of each payment.