LaROSE, Judge.
 

 Erik B. Romerhaus (the Former Husband) appeals a final judgment dissolving his marriage to Julia Ann Romerhaus (the Former Wife). We affirm, without discussion, the trial court’s judgment as it relates to equitable distribution, authority over the children’s welfare, visitation schedules, transportation costs, child care, and matters relating to the foreclosure of marital real estate.
 

 The Former Wife concedes that the trial court erred in including health insurance costs in the Former Husband’s child support calculations and then ordering him to pay one-half of the health insurance premiums as additional child support. This double assessment was error.
 
 See
 
 § 61.30(3), Fla. Stat. (2007). Thus, on this point, we reverse and remand for correction of the final judgment.
 

 Finally, we dismiss the Former Husband’s challenge to the trial court’s finding that the Former Wife was entitled to attorney’s fees. Because the trial court did not determine the amount of fees, the judgment on this issue is nonfinal and nonappealable.
 
 See Castaldi v. Castaldi,
 
 968 So.2d 713, 714 (Fla. 2d DCA 2007) (holding that where trial court decides only entitlement to and not the amount of fees, that portion of the final judgment is nonfi-nal and nonreviewable).
 

 
 *1144
 
 Affirmed in part, reversed in part, and dismissed in part.
 

 NORTHCUTT, C.J., and SILBERMAN, J., Concur.