RAMIREZ, C.J.
Bill Monroe Hearns appeals his violent career criminal sentence imposed after remand. We reverse because the trial court failed to follow our previous mandate.
The State of Florida charged Hearns with aggravated assault with a firearm and unlawful possession of a fire *501 arm by a violent career criminal. The jury found him guilty of unlawful possession of a firearm by a three time convicted felon. The State dropped the aggravated assault count. The trial court imposed a life sentence as a violent career criminal, without parole. On direct appeal, this Court affirmed the conviction and sentence without a written opinion. Hearns v. State, 792 So.2d 464 (Fla. 3d DCA 2001).
Hearns filed a motion for post conviction relief in which he challenged his sentence as a violent career criminal. The trial court denied the motion. Hearns appealed to this Court. This Court reversed the trial court’s denial of Hearns’ post conviction relief motion. Hearns v. State, 912 So.2d 377, 379-80 (Fla. 3d DCA 2005). We concluded that Hearns’ prior conviction for battery on a law enforcement officer did not qualify him for sentencing as a violent career criminal, and remanded the cause “with directions that Hearns be resen-tenced in case number 98-34265 without VCC [violent career criminal] enhancement.” The State did not seek rehearing nor did it ask us to stay the issuance of our mandate. Thus, the mandate issued on November 2, 2005.
On discretionary review in the Florida Supreme Court, the court approved the result in this Court because a battery on a law enforcement officer was not a forcible felony under section 776.08, Florida Statutes (2000), and should not have been counted as a qualifying offense for violent career criminal sentence enhancement. State v. Hearns, 961 So.2d 211 (Fla.2007). The State moved for rehearing or clarification in the Florida Supreme Court, arguing the existence of an additional 1985 conviction for resisting with violence. It asked the Court to clarify its opinion for the benefit of the district court and trial court to reflect that, while the battery conviction could not be considered a qualifying offense, Hearns may still be resen-tenced as a violent career criminal based on the existence of three lawful qualifying offenses. Hearns opposed this motion. The Florida Supreme Court denied the motion for rehearing and clarification.
In this Court, the State then filed a motion to recall mandate and issue opinion in conformity with the opinion of the Florida Supreme Court. The State requested the same relief as it did in the Florida Supreme Court, namely, to clarify that while the conviction of battery could not be considered as a qualifying offense, Hearns could still be resentenced as a violent career criminal based on the existence of three lawful qualifying offenses. Hearns opposed the motion. We denied the State’s motion.
On remand, prior to resentencing, the State again argued the same grounds that had been rejected by the Florida Supreme Court and our Court, to wit, that Hearns still qualified for a life sentence as a violent career criminal. The State asserted that because the resentencing was a de novo proceeding, this Court’s mandate did not prohibit the court from resentencing Hearns as a violent career criminal. At the hearing, the State presented State v. Collins, 985 So.2d 985 (Fla.2008), which the prosecutor claimed afforded the State the opportunity to prove convictions at resentencing that were never offered at the initial sentencing.
After hearing argument, the trial court stated that “common sense and logic would suggest that the Third District’s mandate was meant to be interpreted in a logical fashion, which is consistent with other appellate courts.” The court then concluded that it did not “feel bound to not sentence [Hearns] as a VCC because that is not what I interpret the mandate to say” and resentenced Hearns as a violent career criminal.
It is not the role of trial courts to “interpret” mandates from appellate courts *502 “in a logical fashion,” particularly when those same arguments were previously rejected by two appellate courts. A trial court is “not authorized to deviate from the terms of an appellate court’s instructions.” Akins v. Akins, 839 So.2d 910, 911 (Fla. 5th DCA 2003). “A trial court’s role upon the issuance of a mandate from an appellate court becomes purely ministerial, and its function is limited to obeying the appellate court’s order or decree. A trial court does not have discretionary power to alter or modify the mandate of an appellate court in any way, shape or form.” Torres v. Jones, 652 So.2d 893, 894 (Fla. 3d DCA 1995) (citations omitted).
The trial court in this case was led astray by the prosecution arguing that under the Collins case, the court was free to conduct a de novo sentencing. Collins held that because resentencing was a de novo proceeding, on remand the State could present additional evidence to enhance the defendant’s sentence. Collins, 985 So.2d at 988. If we had reversed and remanded for resentencing, the trial court would have been correct in conducting a de novo sentencing proceeding. But Collins did not involve a clear mandate “with directions that Hearns be resentenced in case number 98-34265 without VCC [violent career criminal] enhancement.” By our mandate, we foreclosed the possibility of resentencing as a violent career criminal.
We thus reverse and remand with directions that Hearns be resentenced in case number 98-34265 without any violent career criminal enhancement.[1]

. And we mean it this time.
Additionally, we order that the resentencing be conducted by a different judge.