SCHWARTZ, Senior Judge.
Hearns again appeals from a judgment resentencing him to life imprisonment as a habitual violent felony offender [HVFO], which was entered after the last remand of the case to the trial court in Hearns v. State, 54 So.3d 500 (Fla. 3d DCA 2010). We find the present judgment to be unacceptably contrary to several of our prior opinions and mandates in Hearns’s case and therefore vacate the judgment under review with specific directions.
It is unnecessary to detail the depressing story of the lower court’s and the state’s failure to follow our, and the supreme court’s, repeated, express, and emphatic[1] holdings that, because one of the three offenses relied upon to establish Hearns’s status as a “violent career criminal” [VCC], as elements of the substantive charge of possession of a firearm by such a person, that is, battery on a law enforcement officer,[2] did not qualify for that *456 designation,[3] Hearns could simply not be convicted and sentenced as one.[4] See Hearns v. State, 54 So.3d 500, 502 (Fla. 3d DCA 2010) (“By our mandate, we foreclosed the possibility of resentencing as a violent career criminal. We thus reverse and remand with directions that Hearns be resentenced in case number 98-34265 without any violent career criminal enhancement.”); State v. Hearns, 961 So.2d 211, 219 (Fla.2007) (“[W]e approve the district court’s reversal of Respondent’s life sentence because BOLEO is not a forcible felony under section 776.08.... ”); Hearns v. State, 912 So.2d 377, 379-80 (Fla. 3d DCA 2005) (“Hearns did not qualify for sentencing as a VCC. We reverse the order denying post-conviction relief and remand with directions that Hearns be resentenced in case number 98-34265 without VCC enhancement.”).
Notwithstanding this history, we are now faced with an appeal from another life sentence imposed on Hearns “for possession of a firearm by a violent career criminal” [VCC]![5] This has got to and will stop. We will not engage in another futile endeavor to give the lower court still another opportunity to follow the law. See Zelman v. Metropolitan Dade County, 645 So.2d 57 (Fla. 3d DCA 1994). Instead, we ourselves hereby vacate the conviction and sentence below and directly order, as permitted by section 924.35, Florida Statutes (2009), that Hearns be found guilty and convicted of the lesser included offense of possession of a firearm by a convicted felon, contrary to section 790.23, and sentenced with a habitual violent felony offender [HVFO] enhancement under section 775.084(4)(b)(2) (which requires “only” two offenses) to a maximum sentence of thirty years with a minimum mandatory term of ten years. The cause is remanded solely for sentencing accordingly.
*457 Rehearing is dispensed with. The mandate shall issue immediately.

. “And we mean it this time." See Hearns v. State, 54 So.3d 500, 502 n. 1 (Fla. 3d DCA 2010).

. The information alleges:
And the aforesaid Assistant State Attorney, under oath, further information makes that Bill Monroe Hearns on or about September 27, 1998, in the County and State aforesaid, did unlawfully and feloniously own or have in the defendant’s care, custody, possession, or control a firearm or electric weapon or device, or did carry a concealed weapon, to wit: FIREARM, when at said time and place the defendant met the violent career criminal criteria pursuant to s. 775.084(l)(c), having previously been adjudicated or convicted of three or more enumerated violent felonies, to wit: a conviction on March 28, 1995, for the felony crime of AGGRAVATED ASSAULT ON LAW ENFORCEMENT OFFICER AND UNLAWFUL POSSESSION OF A CONCEALED WEAPON BY A CONVICTED FELON in the court of the ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY FLORIDA, on [sic] conviction on Aug. 30, 1985 for the felony crime of BATTERY ON LEO & RESISTING W VIOLENCE in the court of the ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY FLORIDA, a conviction on March *456 21, 1988, for the felony crime of ROBBERY AND POSSESSION OF COCAINE in the court of the ELEVENTH JUDICIAL CIRCUIT IN AND FOR DADE COUNTY FLORIDA, the defendant having been incarcerated in a state or federal prison and the defendant having been previously convicted of at least one of the aforestated felonies within the past five years, or having been released from serving a prison sentence on one of the aforestated felonies within the past five years, in violation of s. 790.235 Fla. Stat. contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Florida, (emphasis added).

. See Hearns v. State, 912 So.2d 377, 379 (Fla. 3d DCA 2005) ("Following Perkins, with no record evidence that Hearns' conduct against a law enforcement officer was a forcible felony, it cannot be used as a qualifying prior for purposes of VCC sentencing.”)

. State v. Ferguson, 691 So.2d 578, 578 (Fla. 2d DCA 1997) ("However, unlike section 775.084(l)(c), section 790.235 is a substantive offense statute, not a sentencing statute”); Jackson v. State, 729 So.2d 947, 950 (Fla. 1st DCA 1998) (“In section 790.235, the legislature has created a new substantive offense which does not apply retroactively to earlier offenses but operates prospectively.”).

.The basis of the ruling seems to have been the fact that Hearns had been convicted of still another offense which did qualify under the law for VCC status. Because, however, that conviction was not contained in the information, its substitution for the unqualified offense — and because the charge in question is substantive, requiring the designation of the particular crimes in the charging document— would amount to the forbidden result of convicting the defendant of a crime with which he was not charged. See Pittman v. State, 22 So.3d 859 (Fla. 3d DCA 2009).
Of course, right or wrong, the lower court had no choice but to obey what we (and the supreme court) has required. See Russell v. McQueen, 115 So.3d 1084 (Fla. 5th DCA 2013).