NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


FLORIDA PENINSULA INSURANCE )
COMPANY, )
            )
    Appellant, )
            )
v. )     Case No. 2D12-4575
            )
MARICELA CESPEDES, )
            )
    Appellee. )
_____)

Opinion filed October 14, 2016.

Appeal from the Circuit Court for
Hillsborough County; Sam D. Pendino,
Senior Judge.

Daniel M. Schwarz of Cole, Scott &
Kissane, P.A., Fort Lauderdale, for
Appellant.

A. Lee Smith of Smith, Kling &
Thompson, P.A., Tampa, for Appellee.


KELLY, Judge.

    This case returns to us on a motion to enforce the mandate issued

pursuant to our opinion in Florida Peninsula Insurance Co. v. Cespedes, 161 So. 3d 581

(Fla. 2d DCA 2014). When this case was first before us we reversed a partial summary

judgment in favor of the appellee, Maricela Cespedes, which found her homeowner's

insurance policy covered sinkhole damage but left open the amount of damages. Because we concluded that the policy unambiguously excluded sinkhole damage, we held that it "was error for the trial court to deny Florida Peninsula's motion for summary judgment," and we directed the trial court to enter a judgment in favor of the appellant, Florida Peninsula. The trial court, however, did not do that. It disregarded our mandate and refused to enter a judgment in favor of Florida Peninsula. Apparently, the trial court believed that our direction to enter a judgment for Florida Peninsula did not mean a "final" judgment and that it was empowered to let the litigation continue. This was error.

Florida Peninsula's motion was a motion for final summary judgment, a matter well understood by all parties below and throughout the appeal. Entry of a judgment in its favor concluded the litigation. "When an appellate court's mandate issues, compliance by the lower court with that mandate is a purely ministerial act. An appellate court has inherent power to see that its mandates are properly complied with by a lower court." Straley v. Frank, 650 So. 2d 628, 628 (Fla. 2d DCA 1994) (citations omitted). The motion to enforce mandate is granted and this case is remanded, again, for entry of final judgment in favor of Florida Peninsula.

Florida Peninsula's motion for attorney's fees is granted in an amount to be determined by the trial court.


VILLANTI, C.J., and MORRIS,[1] J., Concur.

---

[1]Judge Morris has been substituted for Judge Altenbernd, who was on the original panel.