# Third District Court of Appeal

## State of Florida

Opinion filed November 1, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2420
Lower Tribunal No. 13-15299C
_____

**The State of Florida,**
Appellant,

vs.

**Yanker Perez-Diaz,**
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Dennis J. Murphy, Judge.

Pamela Jo Bondi, Attorney General, and Michael W. Mervine, Assistant Attorney General, for appellant.

Kenneth P. Speiller, for appellee.

Before SUAREZ, EMAS and LUCK, JJ.

PER CURIAM.

## ON MOTION TO ENFORCE MANDATE

In <u>State v. Perez-Diaz</u>, 189 So. 3d 896 (Fla. 3d DCA 2016), the State appealed the trial court's downward departure sentence, which was imposed following an open, non-negotiated plea. We held that the trial court erred in imposing a downward departure sentence, reversed the sentence, and remanded "for sentencing under the sentencing guidelines." <u>Id.</u> at 902. The mandate issued on April 28, 2016.

Following our remand, and while the case remained pending in the trial court for imposition of a sentence under the sentencing guidelines, Perez-Diaz filed a motion for postconviction relief. Instead of carrying out the mandate of this court, the trial court heard the motion for postconviction relief, granted the motion, and vacated the plea, the finding of guilt, the judgment and the sentence. The State filed a notice of appeal from that order.

We treat this appeal as a motion to enforce the mandate in case number 3D14-2885, grant the motion, and quash the trial court's order granting the motion for postconviction relief. A trial court is "not authorized to deviate from the terms of an appellate court's instructions." <u>Hearns v. State</u>, 54 So. 3d 500, 502 (Fla. 3d DCA 2010) (quoting <u>Akins v. Akins</u>, 839 So. 2d 910, 911 (Fla. 5th DCA 2003)). This court reversed the sentence and remanded this cause to the trial court for the singular purpose of imposing a sentence under the sentencing guidelines. The trial court's action, regardless of how well-

2

intentioned, violated that mandate. As we have said before: "A trial court's role upon the issuance of a mandate from an appellate court becomes purely ministerial, and its function is limited to obeying the appellate court's order or decree." Hearns, 54 So. 3d at 502. Accordingly, we quash the order vacating the guilty plea, finding of guilt, judgment and sentence[1], and instruct the trial court to comply with this court's mandate by sentencing Perez-Diaz under the sentencing guidelines.[2]

---

[1] We note that, given our earlier reversal of the downward departure sentence, there was no sentence for the trial court to vacate on remand.

[2] Following sentencing, Perez-Diaz may refile his motion for post-conviction relief if appropriate, and the trial court may entertain such motion. We express no opinion on the merits of Perez-Diaz's previously-filed motion.