DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

YOUTH AND FAMILY ALTERNATIVES, INC.,

Appellant,

v.

D.T., a child, by and through his permanent guardian, D.T. 2,

Appellee.

No. 2D2022-4168

_____

May 10, 2024

Appeal from the Circuit Court for Pasco County; Kimberly Sharpe Byrd, Judge.

Dorothy Venable DiFiore of Quintairos, Prieto, Wood & Boyer, P.A., Tampa, and Lisa J. Augspurger and Allison E. Bunker of Bush & Augspurger, P.A., Orlando, for Appellant.

Lelia M. M. Schleier and Stacie J. Schmerling of Justice for Kids, Ft. Lauderdale, for Appellee.

John M. Jackson and Andrew McGinley of Department of Children and Families, Tallahassee, for Amicus Curiae The Florida Department of Children and Families.

James B. Lake of Thomas & LoCicero PL, Tampa; Robin L. Rosenberg of Florida's Children First, Inc., Coral Springs; Stephanie A. Johnson of Legal Services of North Florida, Tallahassee; and Robert Latham of Children & Youth Law Clinic, Coral Gables for Amici Curiae Florida's Children First, Inc., Legal Services of North Florida, Inc., University of

Miami Children and Youth Law Clinic, Public Interest Law Section of The Florida Bar, and First Amendment Foundation, Inc.

NORTHCUTT, Judge.

The order under review granted a writ of mandamus compelling Youth and Family Alternatives, Inc. (YFA), to produce to D.T. all emails and text messages regarding him or his dependency case without charge. We reverse.[1]

The parties' dispute emanates from a dependency proceeding that began in 2019, when a child abuse allegation led to D.T.'s removal from his mother's home and placement in the care of the Department of Children and Families. YFA performed D.T.'s foster care and case management services under a contract with Eckerd Youth Alternatives, Inc., the department's lead community-based care provider in Pasco County.

In 2021, through his permanent guardian, D.T. sent YFA a letter requesting a copy of D.T.'s entire physical and electronic case file to be furnished at no cost. The letter specified that the request encompassed, among other things, "[a]ll emails regarding the child's case and/or the child," and "[a]ll text messages to/from YFA employees regarding the child's case and/or the child." YFA generally complied, producing the requested items save for emails and texts. It offered to furnish the emails and texts upon payment of the estimated costs for both retrieving them and for a paralegal to review them before providing them.

_____

[1] This court previously dismissed the portion of YFA's appeal seeking review of the circuit court's nonfinal ruling that D.T. was entitled to recover costs and fees. *See Castaldi v. Castaldi*, 968 So. 2d 713, 714 (Fla. 2d DCA 2007) (holding that a portion of the appeal which challenged a ruling that determined entitlement but not amount of an award of fees should be dismissed as nonfinal and nonreviewable).

D.T. rejected YFA's offer.  Instead, he petitioned the circuit court for a writ of mandamus, maintaining that YFA has a legal duty to provide the contested items to him without charge.  The circuit court agreed, ruling that D.T. is entitled to receive "a complete and accurate copy of any record in his case record, and all records generated as a result of child abuse or neglect reports at no cost; which include all emails and all text messages regarding the Petitioner's dependency case and/or the Petitioner."  This was error.

A writ of mandamus may be issued only when the petitioner has a "clear legal right" to the requested relief, the respondent has "an indisputable legal duty" to perform the requested action, and the petitioner has no other adequate remedy.  *Huffman v. State*, 813 So. 2d 10, 11 (Fla. 2000).  When, as in this case, entitlement to mandamus relief turns on an interpretation of law, we review the lower court's ruling de novo.  *See Villa Bellini Ristorante & Lounge, Inc. v. Mancini*, 283 So. 3d 972, 976 (Fla. 2d DCA 2019) (citing *Bd. of Cnty. Comm'rs Broward Cnty. Fla. v. Parrish*, 154 So. 3d 412, 417 (Fla. 4th DCA 2014)).

The circuit court posited that YFA's legal duty to furnish the subject material free of charge can be found in two statutes and two administrative rules promulgated by the department.  However, those provisions neither grant D.T. a clear legal right to obtain nor impose on YFA an indisputable duty to furnish free copies of emails or text messages simply because they relate to D.T. or his dependency case.[2]  Rather, such materials must be provided without charge only if they are retained by the department in the child's case record.

_____

[2] The question here is whether production of the subject emails and texts is required *at no cost to D.T.*  Thus, we do not consider or discuss whether or to what extent D.T. possesses a general right to obtain materials at *his* cost.

3

Under section 39.00145(1), Florida Statutes (2021), cited by the circuit court, a "case record" must be kept for every child who is under the supervision or in the care of the department or its authorized providers such as YFA. The case record "must be maintained in a complete and accurate manner," but the statute offers scant direction about its contents, requiring only that it contain "at a minimum" the child's case plan and the names and addresses of specified providers involved in the child's care and placement. *Id.*

Per subsection (2) of section 39.00145, the "records in a child's case record" must be made available, and copies thereof must be provided upon request and at no cost, to the child and to the child's caregiver, guardian ad litem, or attorney. Thus, the department and its providers are obligated by statute to give the child free copies only of matters *in his case record*—which is not statutorily required to contain emails or texts related to the child or dependency case.

As implied by the statute's specification of the "minimum" contents of a case record, the legislature left it to the department to determine whether and what additional information should be included. Indeed, in another statute, section 39.0121, the legislature expressly gave the department authority to do so:

> [T]he department is specifically authorized to adopt, amend, and repeal administrative rules which implement or interpret law or policy, or describe the procedure and practice requirements necessary to implement this chapter, including, but not limited to, the following:
>
> . . . .
>
>
> (3) Confidentiality and retention of department records; access to records; and record requests.

4

*Id.*

But the circuit court's reliance on two department rules in support of its ruling was mistaken. In Florida Administrative Code Rule 65C-15.031(3) (2016), the department has detailed what must be included in a child's "case file"—a term the rule employs interchangeably with the term "case record." The list specifies a number of documents and categories of information that must be retained in the case record. But contrary to the circuit court's assertion, it does not require the inclusion of emails or text messages regarding the child or the child's dependency case.[3]

---

[3] Florida Administrative Code Rule 65C-15.031(3) states:
(3) The following information shall be contained in each file:
(a)  Demographic information including the name, address, social security number, sex, religion, race, birth date, and birth place of the child;
(b)  The name, address, telephone number, social security numbers, and marital status of the parents or guardians of the child;
(c)  The name, address, and telephone number of siblings if placed elsewhere and other significant relatives, if available;
(d)  Copies of legal documents of importance to the type of care, such as birth record and any court dispositions;
(e)  The medical history, which shall include, if available, cumulative health records, addresses of all health care providers who provided treatment, examination or consultation regarding the child, as well as all psychological and psychiatric reports;
(f)  The social assessment and background of the family and parents;
(g)  A summary which reflects the dates of contact, initial assessment, case plan, and content of the worker's visits;

The other rule relied on by the circuit court, Florida Administrative Code Rule 65C-30.001(12) (2021), defines the term "case file" to mean "all information for a case contained in the Department's comprehensive child welfare information system (CCWIS), i.e., Florida Safe Families Network (FSFN), as well as the supporting documentation gathered during provision of services to that family." It does not require the department or a provider such as YFA to deposit all emails and text messages regarding a child or his case into the CCWIS or to furnish them free of charge to the child.

Finally, the circuit court's citation to section 39.202 simply has no bearing here. That statute provides that department records concerning reports of child abandonment, abuse, or neglect are exempt from disclosure under Florida's public records law, and it prohibits their disclosure except as specified in the statute. Among the listed exceptions is a provision permitting access to such records by the child, his parent

---

(h) The circumstances leading to the decision of the parents to place the child, the agency's involvement with the parents, including services offered, delivered, or rejected;
(i) Educational records and reports, if applicable;
(j) Summary of case reviews which reflect the contacts with and the status of all family members in relation to the case plan, as well as the achievements or changes in the goals;
(k) Summary of any administrative or outside service reviews on the progress of each child toward goal determination;
(*l*) Summary of child's contacts with family members which reflect the quality of the relationships and the way the child is coping with the family members; and,
(m) A record of the child's placements with names of caregivers, addresses, and the dates of care.

6

or legal custodian, and his attorneys. § 39.202(2)(d). The statute does not require the department to give free copies of anything to the child.

In sum, no authority imposes on YFA a legal duty to furnish to D.T. copies of any material without charge unless it is contained in the case record maintained for him pursuant to section 39.00145. The circuit court's directive to furnish additional materials simply because they relate to D.T. or his dependency case was error. On remand the court shall enter an order denying D.T.'s petition.

Reversed and remanded with directions.

KHOUZAM and LABRIT, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

7