963 So.2d 829 (2007)
Anthony I. RILEY, Appellant,
v.
Una May EDWARDS-RILEY, Appellee.
No. 3D06-1968.
District Court of Appeal of Florida, Third District.
August 8, 2007.
Zumpano Patricios & Winkler and Horecia I. Walker and Leon N. Patricios, Miami, for appellant.
David H. Freedman, for appellee.
Before WELLS, CORTIÑAS and ROTHENBERG, JJ.
*830 WELLS, Judge.
Anthony J. Riley appeals from a final judgment of dissolution of marriage claiming that the trial court erred in ordering the sale of the marital home and distributing the proceeds of that sale and by requiring him to pay his former wife's attorney's fees. Because the final judgment fails to comply with the requirements of Chapter 61, which governs these awards, we reverse the order under review.
Riley and Una May Edwards were married on November 26, 2003 and separated a little more than a year later in December of 2004. Each owned a residence at the time of the marriage, Edwards a condominium in Miami, Riley a home in Tamarac. Although the couple initially planned to sell both properties and buy a marital home, they were unable to do so because a second mortgage on Riley's Tamarac home was in default. As a consequence, the couple decided to make the Tamarac property their marital home with Riley deeding the home to himself and Edwards, and Edwards securing a loan and mortgage in her name alone to satisfy the delinquent second mortgage. Edwards also used $17,000 of her separate funds to make repairs and improvements to the home.
After the parties separated, Riley continued to reside in the Tamarac home; Edwards returned to her condominium. In March of 2005, Edwards petitioned to dissolve the marriage and sought to have the condominium set aside as a non-marital asset. As to the Tamarac home, Edwards sought partition. Riley responded, admitting that Edwards' condominium was her separate property, but denying that the Tamarac home was a marital asset. Riley sought imposition of a constructive trust on the Tamarac home.
On July 10, 2006, the marriage was dissolved in a final judgment of dissolution of marriage which neither segregated the non-marital and marital assets nor distributed them pursuant to Chapter 61 of the Florida Statutes, but which ordered the Tamarac home sold and the proceeds equally divided instead. The judgment also summarily ordered Riley to pay Edwards' attorneys' fees.
Riley claims here that the trial court erred in partitioning the Tamarac home and in ordering him to pay Edwards' attorney's fees without consideration of the parties' respective financial resources as mandated by Chapter 61 of the Florida Statutes. We agree.
Chapter 61 of the Florida Statutes governing disposition of the assets and liabilities of a divorcing couple expressly states that in "a proceeding for dissolution of marriage," the trial court must set apart to each spouse that spouse's nonmarital assets and liabilities and then distribute the marital assets and liabilities between the parties. § 61.075(1), Fla. Stat. (2005). As explained in Robertson v. Robertson, 593 So.2d 491 (Fla.1991):
Section 61.075, Florida Statutes (1989), created a statutory form of equitable distribution. . . . Under the statute, the parties' assets are to be divided into two categories: (1) marital assets and liabilities and (2) nonmarital assets and liabilities. The statute defines assets and liabilities falling within each of these categories and establishes certain presumptions to assist in categorizing each asset and liability. The court then divides the marital assets and liabilities between the spouses. Because equitable distribution is premised on the theory of an equal partnership in marriage, the court should begin this task on the premise that each spouse is entitled to receive an equal division. However, the court is directed to distribute the marital assets and liabilities "in such proportions *831 as are equitable" after considering various enumerated factors as well as any other factors "necessary to do equity and justice between the parties." § 61.075(1), Fla.Stat. (1989).
Robertson, 593 So.2d at 493-94.
This means that it is no longer necessary to seek partition as part of a dissolution action to divide or distribute a parcel of property owned by a husband and a wife. In fact, section 61.075(4), expressly provides that a final judgment of dissolution of marriage which distributes assets "shall have the effect of a duly executed instrument of conveyance, transfer, release, or acquisition." § 61.075(4), Fla. Stat. (2005).
Riley is, therefore, correct. The final judgment entered below, which appears to partition the Tamarac home and to award Edwards' attorney's fees under Chapter 64 governing partitions, must be reversed. On remand, the court below shall determine whether the Tamarac home and the debts incurred relating to that home are marital or non-marital and shall distribute same as required by section 61.075.[1] The court below shall also determine whether an attorney's fee award is appropriate "after consideration of the financial resources of both parties," and detail same in a final judgment which complies with the dictates of section 61.075(3). See § 61.16(1), Fla. Stat. (2005) (governing fee awards in Chapter 61 proceedings); § 61.075(3)(a)-(d), Fla. Stat (2005) (providing that in any contested action in which agreement has not been reached, specific written findings must be made identifying, valuing, and distributing the marital and non-marital assets and liabilities and specifying the rationale for these determinations).
Accordingly, the order under review is reversed and the case remanded for compliance with Chapter 61 of the Florida Statutes and this opinion.
NOTES
[1] As part of this determination, the court below should treat Riley's claim for imposition of a constructive trust as a special equity claim to have the property declared non-marital. See Robertson, 593 So.2d at 493-94 (confirming that what is now section 61.075(5)(a) creates a presumption that real estate owned by a husband and wife is marital property regardless of who paid for it and that a party claiming a special equity and seeking to have such property declared non-marital has the burden of overcoming the presumption by proving no gift was intended).