PER CURIAM.
Appellant challenges several aspects of a final judgment in this dissolution of marriage case. We affirm in part and reverse in part.
The parties agree that the trial court erred in calculating child support by basing the calculation on gross income amounts. Based on the child support guidelines worksheet attached to the final judgment, the correct amount of child support is $140.65 per month.
We agree with Appellant that the trial court erred in ordering him to provide life insurance to secure his child support obligation. First, the requirement is not supported by sufficient factual findings. Lay-eni v. Layeni, 843 So.2d 295, 300 (Fla. 5th DCA 2003). Second, the court erroneously ordered Appellant to procure insurance in an amount exceeding the obligation. Foster v. Foster, 83 So.3d 747, 748 (Fla. 5th DCA 2011). Finally, the court erroneously ordered Appellant to list Appellee as the beneficiary. Alpha v. Alpha, 885 So.2d 1023,1034 (Fla. 5th DCA 2004).
The final issue that we address is the trial court’s order directing the partition of the marital home. This was the only significant asset available for distribution. The trial court distributed it to Appellant with the proviso that Appellant must pay Appellee her equity in the home within six months, failing which the property must be sold. Appellant challenges the order to sell the property because neither party *191 had requested partition. See, e.g., Watson v. Watson, 646 So.2d 297, 297 (Fla. 5th DCA 1994) (trial court without authority to order partition of property in absence of plea by either party). Accordingly, we reverse the order to the extent that it requires sale of the property. On remand, the trial court may revisit the distribution scheme. Alternatively, Appellee may move to enforce the directive to pay Appel-lee’s equity, in which case the trial court may order the sale of the property as a mechanism to enforce that aspect of the order, if requested in a motion.
In all other respects, the final judgment is affirmed.
AFFIRMED IN PART; REVERSED IN PART AND REMANDED.
TORPY, C.J., and SAWAYA, J., concur.
COHEN, J., concurs specially with opinion in which TORPY, C.J., concurs.