COHEN, J.,
concurring specially.
I concur with the majority opinion and write only to suggest that, in niy view, a specific pleading for partition of the marital home should not be required for a trial court to dispose of that home. Given the equitable distribution statute, section 61.075, Florida Statutes (2013), and the fact that, in many cases, the marital home is the only asset of significant value, the requirement is outdated and unnecessary. See Riley v. Edwards-Riley, 963 So.2d 829, 830-31 (Fla. 3d DCA 2007) (holding that the equitable distribution statute renders it “no longer necessary to seek partition as part of a dissolution action to divide or distribute a parcel of property owned by a husband and a wife,” and noting that section 61.075(4) “expressly provides that a final judgment of dissolution of marriage which distributes assets ‘shall have the effect of a duly executed instrument of conveyance, transfer, release, or acquisition’ ” (quoting § 61.075(4), Fla. Stat. (2005))). In situations where a trial court is likely to order the sale or other distribution of the marital home, the parties have been unable to resolve the issue of ownership of the homestead and accompanying debt and are in need of the trial court’s intervention. No one is surprised when the court does so as part of the equitable distribution scheme.
TORPY, C.J., concurs.