PALMER,j.
Thomas Richeson (husband) appeals the final order entered by the trial court dis *843 solving his marriage to Sophie Richeson (wife). We affirm in all respects except as to the trial court’s order of partition of certain marital real estate.
The husband raises four issues on appeal, only two of which merit discussion. First, in equitably distributing the marital property, the trial court awarded each of the parties a partial interest in real property, owned by the parties as investment property. The husband filed a motion for rehearing, challenging the fact that the final judgment did not award the investment property to either party. He further asserted that it was “impractical to maintain the parties as co-owners and to require them to jointly manage the property.” The husband requested the court to award the property outright to him as part of the court’s equitable distribution scheme. In response, the wife agreed that it would be impossible for the parties to continue to jointly own the investment property and sought either to have the property distributed solely to her or to sell the property and have the proceeds thereof divided between the parties. Importantly, neither party filed a pleading seeking partition of the property, and the husband did riot agree to the wife’s alternative request that the property be sold. The trial court granted rehearing and entered an order directing the sale of the property and division of the proceeds therefrom in accordance with the equitable distribution scheme set forth in the original dissolution judgment.
The husband challenges this ruling, contending that the trial court erred in ordering the sale of the real property in the absence of any pleading for partition of the property. We agree. See Martinez v. Martinez, 573 So.2d 37 (Fla. 1st DCA 1990) (holding that the court has no authority to partition jointly-held property in the absence of the parties’ agreement or a specific pleading requesting partition). Accordingly, we reverse the portion of the trial court’s rehearing order directing partition and order that the equitable distribution scheme set forth in the original final judgment be re-instated.
The husband also contends that the trial court erred when it failed to award him credit for $154,090.00 he allegedly paid during the pendency of the case to maintain joint investment properties. We find no error.
The husband’s only evidence with regard to his claim for credit was a summary statement which listed numerous deposits made by the husband to an account maintained for management of the parties’ investment properties. However, no evidence was presented as to the source- of the funds deposited into that account, including whether any of the funds derived from rental income on those properties. The trial court recognized this deficiency at the end of trial and directed the husband to provide supplemental documentation:
[W]ith regard to the payments made by Mr. Richeson, you need to separate out. Not that you might not get credit, because payments made on behalf of the other person to support property or other matters can count as support. But the court is not ruling on that at this time.
Despite the trial court’s direction that the parties provide supplemental financial documentation, the record does not reflect that the husband ever provided any such documentation. Accordingly, we find no abuse of discretion by the trial court in not awarding the credit sought by the husband.[1]
*844 AFFIRMED in part; REVERSED in part; and REMANDED.
COHEN and BERGER, JJ., concur.

. The credit sought by the husband in this appeal is, in fact, twice as much as the credit he sought in his closing argument.