IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

GUILLERMO SALAZAR,

      Appellant,

v.                                  Case No.  5D15-2065

CLAUDIA M. GIRALDO,

      Appellee.

_____/

Opinion filed May 6, 2016

Appeal from the Circuit Court
for Lake County,
Mark J. Hill, Judge.

Jeffrey A. Conner, Winter Garden,
for Appellant.

Brian M. Monk, of Boyette, Cummins
& Nailos, PLLC, Clermont, for Appellee.

PER CURIAM.

      Guillermo Salazar ("Former Husband") appeals the amended final judgment dissolving his marriage to Claudia M. Giraldo ("Former Wife") following trial.  Former Husband raises five issues.  We agree with Former Husband that the trial court erred in failing to consider whether he is entitled to credits or setoffs for his payment of certain expenses incurred in maintaining the former marital home, owned by the parties, pending the sale of the home.  We affirm on all other issues without further discussion.

The amended final judgment directed that the former marital home be immediately placed on the market by the parties and listed for sale at a mutually agreeable price, provided that if the parties could not agree on a price, then the home would be listed at a "reasonable" price as determined by a qualified real estate professional. Upon the sale of the home, the parties were to equally divide the net proceeds. Pending sale, Former Husband was awarded exclusive use and possession of the home and was ordered to pay: (1) the monthly mortgage payment; (2) the real estate taxes; and (3) "all other financial obligations pertaining to the home until the home sells." Former Husband was also directed to keep the home in a "show-ready condition" until it sells.

Former Husband argues that the trial court erred in failing to award him credits or reimbursements from the sale proceeds resulting from his payment of Former Wife's share of the aforementioned expenses associated with the former marital home. Section 61.077, Florida Statutes (2015), provides:

> A party is not entitled to any credits or setoffs upon the sale of the marital home unless the parties' settlement agreement, final judgment of dissolution of marriage, or final judgment equitably distributing assets or debts specifically provides that certain credits or setoffs are allowed or given at the time of the sale. In the absence of a settlement agreement involving the marital home, the court shall consider the following factors before determining the issue of credits or setoffs in its final judgment:
>
> (1) Whether exclusive use and possession of the marital home is being awarded, and the basis for the award;
>
> (2) Whether alimony is being awarded to the party in possession and whether the alimony is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in connection with the marital home;

(3) Whether child support is being awarded to the party in possession and whether the child support is being awarded to cover, in part or otherwise, the mortgage and taxes and other expenses of and in connection with the marital home;

(4) The value to the party in possession of the use and occupancy of the marital home;

(5) The value of the loss of use and occupancy of the marital home to the party out of possession;

(6) Which party will be entitled to claim the mortgage interest payments, real property tax payments, and related payments in connection with the marital home as tax deductions for federal income tax purposes;

(7) Whether one or both parties will experience a capital gains taxable event as a result of the sale of the marital home; and

(8) Any other factor necessary to bring about equity and justice between the parties.

The amended final judgment is silent as to whether Former Husband is entitled to any credits or setoffs upon the sale of the former marital home. Furthermore, the record does not establish that the trial court considered the factors enumerated in section 61.077 before entering judgment. Under these circumstances, remand is necessary for clarification on Former Husband's entitlement, if any, to credits upon the sale of the home. *See, e.g., Caine v. Caine,* 152 So. 3d 860, 862 (Fla. 1st DCA 2014) (remanding for clarification on entitlement to credits regarding marital home when final judgment was silent on matter and record did not indicate that trial court considered factors outlined in section 61.077); *Swergold v. Swergold*, 82 So. 3d 1148, 1150 (Fla. 4th DCA 2012) (same); *Silverman v. Silverman*, 940 So. 2d 615, 618 (Fla. 2d DCA 2006) (same).

3

On remand, the trial court may take additional evidence on this issue as necessary.

AFFIRMED, in part; REVERSED, in part; and REMANDED for further proceedings.

ORFINGER and EDWARDS, JJ., concur.
LAMBERT, J., concurs, with opinion.

I concur with the opinion of the court, but write to address Former Husband's argument that the trial court erred in ordering the sale of the parties' marital home.

In June 2014, Former Husband filed a petition for dissolution of marriage. Pertinent to this appeal, Former Husband alleged that, during the course of their marriage, the parties had acquired certain assets and liabilities, including the marital home, and he requested that these assets and liabilities be equitably distributed by the court. Former Husband did not specifically allege in his petition that the marital home should be distributed solely to him. Former Wife timely answered the petition in which she agreed that the parties had acquired marital assets and liabilities that should be equitably distributed.

On December 1, 2014, the court entered an order setting the case for a pretrial conference. Pursuant to this order, both parties were ordered to file pretrial compliance statements in which each party was to list for the court the assets and debts to be divided, the value of each asset, and the proposed distribution of each asset and liability. The parties filed their respective pretrial memoranda; however, neither party provided to the court their proposed disposition of the marital home. Thus, at this point in the litigation, neither party had filed a pleading or document seeking either the sale of the marital home or the specific distribution of the home to one party or the other.

Following the pretrial conference, the court entered an order scheduling trial for early March 2015. Shortly before trial, Former Wife changed counsel. Former Wife's new counsel moved for a continuance of the trial and separately moved for leave to amend Former Wife's answer and to file a counterpetition for dissolution of marriage.

5

Former Wife attached to her motion a copy of the proposed amended answer and counterpetition. Among other things, Former Wife now pleaded for the former marital home to be sold and that the net sale proceeds be equally divided between the parties. Former Husband promptly filed a response, objecting to both Former Wife's motion for continuance and her request for leave to amend. Notably, Former Husband did not state how he would be prejudiced by the amendment, but only that he would be prejudiced by the continuance due to the additional costs that he would incur.

Neither party secured a ruling from the court prior to trial on Former Wife's motion to file an amended pleading. The trial, however, was not continued. During the trial, Former Wife orally reiterated her pretrial request for leave to amend her pleadings for the marital home to be sold and the net sale proceeds divided equally. At the conclusion of the trial, the court provided the parties with the opportunity to file written closing arguments. In his closing argument, Former Husband requested that the court distribute the marital home and the indebtedness on the home to him. Former Husband suggested that, if the court granted his requested relief and further agreed with the values he attributed to the marital assets and liabilities and his proposed distribution of these assets and liabilities, the court should also order him to pay to Former Wife the sum of $15,648.50 to balance the distribution of the assets and liabilities.

In her closing argument, Former Wife requested that the marital home be sold and that the net proceeds from the sale be equally divided between the parties. Former Wife argued that Florida Rule of Civil Procedure 1.190(b)[1] provided the court with the

---

[1] Florida Rule of Civil Procedure 1.190(b) provides in pertinent part:

6

authority to order this sale by allowing her pleadings to be amended to conform to the evidence at trial. The trial court agreed with Former Wife and, in the amended final judgment, granted her motion to amend her pleadings to conform with the evidence, and it ordered that the marital home be sold and the net sale proceeds equally divided.

On appeal, Former Husband first argues that the trial court erred in ordering the sale of the marital home because the issue of the partition and sale of the marital home was not tried by the express or implied consent of the parties as evidenced by his objections at trial to testimony on this issue. *See Todaro v. Todaro*, 704 So. 2d 138, 139–40 (Fla. 4th DCA 1997) (finding issues were not tried by implied consent where wife objected at hearing). Second, Former Husband contends that this court's recent opinions in *Richeson v. Richeson*, 170 So. 3d 842 (Fla. 5th DCA 2015), and *Hodges v. Hodges*, 128 So. 3d 190 (Fla. 5th DCA 2013), in which we held that the trial courts erred in directing the sale of marital real property, absent a pleading seeking partition of the property, compels reversal. Neither argument is persuasive.

Partition actions are governed by chapter 64 of the Florida Statutes. Section 64.041, Florida Statutes (2015), provides that a complaint in partition "shall allege a

_____

> **(b) Amendments to conform with the Evidence.** When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. . . . . If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended to conform with the evidence and shall do so freely when the merits of the cause are more effectually presented thereby and the objecting party fails to satisfy the court that the admission of such evidence will prejudice the objecting party in maintaining an action or defense upon the merits.

description of the lands of which partition is demanded, the names and places of residence of the owners . . . or other persons interested in the lands[,] . . . the quantity held by each, and such other matters, if any, as are necessary to enable the court to adjudicate the rights and interests of the party."

Although Former Wife did not couch her request for the sale of the marital home as a separate cause of action for partition, she did aver in her counterpetition that the parties acquired the marital home during their marriage, that each owned an equal interest in the real property, provided in this pleading both the legal description and the parcel tax identification number for the property, and essentially requested that the marital home be listed for sale and the net sale proceeds be distributed equally between the parties. I see no meaningful difference between the statutory pleading requirements of a partition action and the allegations contained in Former Wife's pleading. To me, Former Wife's pleading substantially complied with section 64.041.[2] *Cf. Savage v. Savage*, 556 So. 2d 1213, 1214 (Fla. 2d DCA 1990) (finding that husband's plea for partition in his complaint, though lacking a legal description of the property, substantially complied with section 64.041, and that it should have been granted).

The court acted well within its discretion by allowing the amendment to Former Wife's pleading under rule 1.190(b) because Former Husband has not shown how he was prejudiced in presenting his case or how the merits of the case were not more effectively presented by allowing the amendment. *See Musso v. Musso*, 670 So. 2d 122 (Fla. 4th DCA 1996) (affirming the trial court's order of partition because the

---

[2] In her proposed counterpetition, Former Wife did not allege the parties' places of residence. The evidence at trial established that Former Husband was residing in the marital home.

8

appellant failed to show that the trial court abused its discretion in allowing the amendment under rule 1.190(b)).  Moreover, if, in the amended final judgment, the court, rather than permitting the amendment to Former Wife's pleading pursuant to rule 1.190(b) to conform with the evidence at trial, had simply granted Former Wife's pretrial motion to amend her pleadings, then Former Husband's apparent concern regarding the lack of a sufficient pretrial pleading from Former Wife would have been alleviated.

The need to sell the marital home to achieve an equal and, in this case, an equitable distribution of the parties' marital assets and liabilities was cogently recognized by the trial court.  If we were to agree with Former Husband and reverse this case with directions that the trial court distribute the marital home and its indebtedness to him, then, based on the values of the parties' other assets and liabilities as determined by the court in the amended final judgment,[3] in order for the court to achieve a true equitable distribution, the other assets previously distributed to Former Husband would now have to be distributed to Former Wife.  The court would have to redistribute Former Husband's car and his 401(k) to Former Wife and Former Wife's credit card liability would have to be redistributed to Former Husband.  Furthermore, Former Husband would still be required to pay Former Wife a cash sum, albeit less than suggested by Former Husband in his closing argument, to achieve an equal, 50/50 division of the marital assets and liabilities.  Resolving this case in such a manner makes little sense.

Finally, I agree with Judge Cohen's concurring opinion in *Hodges* where he wrote, in pertinent part:

---

[3] These valuations have not been challenged in this appeal.

9

[I]n my view, a specific pleading for partition of the marital home should not be required for a trial court to dispose of that home. Given the equitable distribution statute, section 61.075, Florida Statutes (2013), and the fact that, in many cases, the marital home is the only asset of significant value, the requirement is outdated and unnecessary. . . . In situations where a trial court is likely to order the sale or other distribution of the marital home, the parties have been unable to resolve the issue of ownership of the homestead and accompanying debt and are in need of the trial court's intervention. No one is surprised when the court does so as part of the equitable distribution scheme.

128 So. 3d at 191 (Cohen, J. concurring)[4] (citation omitted); *see also Riley v. Edwards-Riley*, 963 So. 2d 829, 830–31 (Fla. 3d DCA 2007) (holding that the equitable distribution statute renders it "no longer necessary to seek partition as part of a dissolution action to divide or distribute a parcel of property owned by a husband and a wife"). In the present case, no one should have been surprised that the marital home needed to be sold to facilitate and accomplish the equitable distribution of all of the parties' marital assets and marital liabilities.

---

[4] Then Chief Judge Torpy joined in Judge Cohen's concurring opinion.