LAMBERT, J.,
concurring.
I concur with the opinion of the court, but write to address Former Husband’s argument that the trial court erred in ordering the sale of the parties’ marital home.
In June 2014, Former Husband filed a petition for dissolution of marriage. Pertinent to . this appeal, Former Husband alleged that, during the course of their marriage, the parties had acquired certain assets and liabilities, including the marital home, and he requested that these assets and liabilities be equitably distributed by the court. Former Husband did not specifically allege in- his petition that the marital home should be distributed solely to him. Former Wife timely answered the petition in which she agreed that the *250 parties had acquired marital assets -and liabilities that should -be equitably distributed. *
On December 1, 2014, the court entered an order setting the case for a pretrial conference. Pursuant to this order,'both parties were ordered to file pretrial compliance statements in which each party was to list for the court the assets and debts to be divided, the value of each asset, and the proposed distribution of ' each asset and liability. ' The parties filed their respective pretrial memoranda; however, neither party provided to the court their proposed disposition of the marital home. Thus, at this point in the litigation, neither party had filed a pleading or document seeking either the sale of the marital home or the specific distribution of the home to one party or the other.
Following the pretrial conference, the court entered an order scheduling trial for early March 2015. Shortly before trial, Former Wife changed counsel. Former Wife’s new counsel moved for a continuance of fhe trial and separately moved for leave to amend Former Wife’s answer and to file a counterpetition for dissolution of marriage. Former Wife attached to her motion a copy of the proposed amended answer and counterpetition. Among other things, Former Wife now pleaded for the former marital home to be sold and that the net sale proceeds- be equally divided between the parties. Former Husband promptly filed a response, objecting to both Former Wife’s motion for continuance and -her request for leave to amend. Notably, Former Husband did not state how he would be prejudiced ■ by the amendment, but only that he would be prejudiced by the continuance due to the additional' costs that he would incur.
• Neither party secured a ruling from the court prior to trial on' Former Wife’s motion to file an amended pleading. The trial, however, was not continued. During the trial, Former Wife orally reiterated her pretrial request for leave to amend her pleadings for the marital home to be sold and the net sale proceeds divided equally. At the conclusion of the trial, the court .provided the parties with the opportunity to file written closing arguments. In .his closing argument, Former Husband requested that the court distribute the marital home and the indebtedness on the home to him. Former Husband suggested that, if the court granted his requested relief and further agreed with the values he attributed to the marital assets and liabilities and his proposed distribution of these assets and" liabilities, ’ the court should also' order him to pay to Former Wife the sum of $15,648.50 to balance the distribution of the assets and liabilities.
In her closing argument, Former Wife requested that the marital home be sold and that the net proceeds from the sale be equally divided between the parties. Former Wife argued that Florida Rule of Civil Procedure 1.190(b)[1] provided the court with the authority to. order this sale by allowing her pleadings to be, amended to *251 conform to the evidence at trial.' 'The trial court agreed with Former Wife and, in the amended final judgment, granted her motion to-amend her pleadings to conform with the evidence, and it ordered that the marital home be sold and the net,'sále proceeds equally divided. •
On appeal, Former Husband first argues that the trial court erred in ordering the sale of the marital home because the issue; of the partition and sale of the’ marital home was not tried by the express or implied consent of the parties as evidenced by his objections at trial to testimony on this issue, See Todaro v. Todaro, 704 So.2d 138, 139-40. (Fla. 4th DCA 1997) (finding issues were not tried -by implied consent where wife objected at hearing). Second, Former Husband contends that this court’s recent opinions in Richeson v. Richeson, 170 So.3d 842 (Fla. 5th DCA 2015), and Hodges v. Hodges, 128 So.3d 190 (Fla. 5th DCA 2013), in which we held that the trial courts erred in directing the sale of marital real property, absent a pleading seeking partition of the property, compels reversal. Neither argument is persuasive.
Partition actions are governed by chapter 64 of the Florida Statutes. Section 64.041, Florida Statutes (2015), provides that a complaint in partition “shall allege a description of the lands of which partition is demanded, the names and places of residence of the owners ,.. or other persons interested in the lands[,] ... the quantity held by each, and such other matters, if any, as are necessary to enable the court to adjudicate the rights and interests of the party.”
Although Former Wife did not couch her request for the sale of the marital home’as a separate cause of action for partition, she did aver in -her counterpetition that the parties acquired the marital home during their marriage, that each owned an equal interest in the real property, provided in this pleading both the legal description and the parcel tax .identification number for the property, and essentially requested that the marital home be listed for sale and the net sale proceeds be distributed equally between the parties.- I see no meaningful difference between /the .statutory pleading requirements -of a partition action and the allegations contained in Former Wife’s pleading. To me, Former Wife’s pleading substantially complied with section 64.041.[2] Cf. Savage v. Savage, 556 So.2d 1213, 1214 (Fla. 2d DCA 1990) (finding that husband’s plea for partition in his complaint, though lacking a legal description of the property, substantially'complied with section 64.041, and that it should have been granted).
The court acted well within its discretion by allowing the amendment to Former Wife’s pleading, under rule 1.190(b) because Former Husband has not shown how he was prejudiced in presenting his ease or how the -merits of the case were not more effectively .presented by allowing the amendment. See Musso v. Musso, 670 So.2d 122 (Fla. 4th DCA 1996) (affirming the trial court’s order of partition because the appellant failed' to show that' the trial court abused its discretion in allowing the amendment under rule 1.190(b)). Moreover, if, in the amended final judgment, the court, rather than permitting the amendment to Former Wife’s pleading pursuant to rule 1.190(b) to conform with the evidence - at trial,' had simply granted Former Wife’s pretrial motion to amend her pleadings, then Former Husband’s apparent concern regarding the lack of a *252 sufficient pretrial pleading from Former Wife would have been alleviated;
The need to sell the marital home to achieve an equal and, in this case, an equitable distribution of the parties’ marital assets and liabilities was cogently recognized by the trial court. If we were to agree with Former Husband and reverse this case with directions that the trial court distribute the- marital home and its indebtedness • to him, then, based on the values of 'the parties’ other assets and liabilities as determined by the court in the amended final judgment,[3] in order for the court to achieve a true equitable distribution, the other assets previously distributed to Former Husband would now have to be distributed to Former Wife. The court would have to redistribute Former Husband’s car and his 401 (k) to Former Wife and Former ■ Wife’s credit card liability would have to be redistributed to Former Husband. Furthermore, Former Husband would still be required to pay Former Wife a cash sum, albeit less than suggested by Former Husband in his closing argument, to achieve art equal, 50/50 division of the marital assets and liabilities. Resolving this case in such a manner -makes little sense. ‘ 1
Finally, I agree with Judge Cohen’s concurring opinion in Hodges where he wrote, in pertinént part:
[I]n my view, a specific' pleading for partition of the marital home should not be required for a trial court to dispose’of that home. Given the equitable distribution statute, section 61.075, Florida Statutes (2013), and the fact that,' in many cases, the marital home is the only asset of significant value, the requirement is outdated and unnecessary.. In situations where a trial court is likely to order the .sale or other distribution of the-marital home, the parties have been unable to resolve the issue of ownership of- the homestead and accompanying debt and-are in need of -the trial court’s intervention. No one is 'surprised when the court does so as part of the equitable, distribution, scheme. . .
128 So.3d at 191 (Cohen, J. concurring)[4] (citation omitted); see also Riley v. Edwards-Riley, 963 So.2d 829, 830-31 (Fla. 3d DCA-2007) (holding that the equitable distribution statute renders it “no longer necessary to seek partition 'as part of a dissolution action to divide or distribute a parcel of property owned by a husband and á wife”).- In the present case, no one should have been surprised that the marital home needed to be sold to facilitate and accomplish the equitable distributioh of all of the parties’ marital assets and marital liabilities. "

. In her proposed counterpetition, Former Wife did not allege the parties’ places of residence. The evidence at trial established that Former Husband was residing in the marital home.

. These valuations liave hot béen challenged in this appeal.

. Then Chief Judge Torpy joined in Judge Cohen’s concurring opinion.